SMITH, Administratrix, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*January 31—February 23, 1906.*

*Electricity: Master and servant: Negligence: Contributory negligence: Declarations: Parts of a conversation: Evidence: Materiality: Competency: Cross-examination: Prejudicial error: Direction of verdict.*

1. In an action for the negligent killing of an experienced lineman by his coming in contact with a wire heavily charged with electricity, it appeared, among other things, that decedent, on the morning of the accident, had a conversation with defendant's superintendent at the power house. On the direct examination of defendant's witnesses part of this conversation, to the effect that the superintendent apprised decedent that, in doing the work on the pole on which he was afterwards killed, he must look out for and guard against live wires, was elicited. Upon cross-examination, and also in rebuttal, plaintiff's counsel sought to prove all this conversation, and propounded questions tending to show that in such conversation the decedent requested the superintendent to shut off the current while he performed the duties assigned him at the pole in question, and that the superintendent informed decedent that the current would be shut off, which evidence, on objection, was excluded.

The trial court ruled that the decedent was sufficiently warned of the danger and that he had assumed the risk incident to it; that therefore no actionable negligence was shown, and directed a verdict for defendant. *Held:*

(1) If the superintendent so informed decedent, such evidence was material on the question of decedent's contributory negligence.

(2) The evidence was material and competent under the rule that all parts of a conversation, if material to the issues litigated, may properly be offered by either party as a matter of right, and that each party may give his version of a conversation, and if one gives a part sufficiently complete to be material to the case the other has a right to prove the balance.

(3) Such right may be exercised by cross-examination or by calling other witnesses.

(4) The exclusion of such evidence was prejudicial.

2. In such case evidence that a statement that the wires were charged was made in decedent's presence, when from other evidence it appeared doubtful whether decedent heard such statement, did not authorize the direction of a verdict.

Appeal from a judgment of the circuit court for Racine county: E. B. Belden, Circuit Judge. *Reversed.*

Plaintiff, as administratrix of the decedent's estate, brings this action to recover the damages resulting from his death, which is alleged to have been caused by the negligence of the defendant. It is alleged that John J. Smith, the deceased, was in the employ of the defendant on July 20, 1904, and that while in the discharge of his duties he came in contact with a live electric wire of defendant's electric light plant in the city of Racine, and that an electric current of strong potentiality was thereby caused to pass through his body and that this resulted in his immediate death. Negligence is charged upon two grounds: (1) That the copper wires charged with an electric current of high voltage "were negligently and improperly maintained (as part of said plant) by the said defendant, in that the insulation thereof was defective, faulty, worn, and insufficient, as the defendant well knew or should have known; and, (2) furthermore, in that the said wires did not constitute a perfect and distinct circuit well and

safely insulated from the earth, but had been allowed by the negligence of the defendant to become connected with the earth, thereby causing what is known as a 'ground,' as defendant well knew or should have known in the exercise of ordinary care. That the said 'ground' was a hidden defect highly dangerous to any person who might be upon the said pole, the means of knowledge thereof being entirely within the control of defendant." It is claimed that for these reasons the place upon the pole where the decedent worked was rendered an unsafe place, and the pole and wires were unsafe and dangerous appliances. Defendant denies the negligence charged and alleges contributory negligence on the part of the decedent. It appears that on the day in question the decedent, in the course of his employment as lineman, worked upon one of the poles of defendant's plant, under the direction of the superintendent of the company, and that while so engaged in his work he was killed in the manner above described. The pole in question had several cross-arms, to which wires were attached; the upper ones sustained telephone wires, while the lower ones carried electric-light wires. At the time of the accident decedent had rested his weight on the fifth cross-arm from the top and was working on the wires above the fourth cross-arm. In doing this work his body came in contact with a live wire on the fourth cross-arm and from it came the electric current which resulted in his death. The decedent had worked for a number of years prior to the accident as a lineman on electric plants. On cross-examination plaintiff sought to elicit evidence of a conversation between the decedent and an officer of the defendant, part of which had been introduced by the defendant, as to a shutting off of the current while the work on the pole and the wires in question was being done. The court refused to receive this evidence and also excluded it on rebuttal as being irrelevant and immaterial. At the conclusion of the introduction of the evidence defendant moved for the direction of a verdict in its favor. The court so di-

rected a verdict, upon the ground, among others, that the evidence showed that the decedent was sufficiently warned of the dangers incident to his employment and that he therefore assumed the risk. Judgment was awarded dismissing the complaint and for costs. This is an appeal from such judgment.

For the appellant there was a brief by *Wallace Ingalls,* attorney, and *Fish & Storms,* of counsel, and oral argument by *Mr. I. N. Fish* and *Mr. Ingalls.*

*Clarke M. Rosecrantz,* for the respondent.

SIEBECKER, J. The evidence adduced shows that the decedent was an experienced lineman and had knowledge of the dangers commonly incident to such employment in working in proximity to live electric wires of high potentiality. It appears that a conversation which he had on the morning of the day of the accident at the power house with the superintendent in the presence of other workmen was partly elicited upon direct examination of some of defendant's witnesses. So far as shown it was to the effect that the superintendent apprised decedent that in doing the work on the pole in question he must look out for and guard against the live wires carried on the cross-arms of the pole. Upon cross-examination of these witnesses plaintiff's counsel propounded an inquiry as to whether the decedent in this conversation requested the superintendent to shut off the current while he performed the duties assigned to him at the point in question. Plaintiff also offered to prove all of this conversation in rebuttal of defendant's claim—to which proof was admitted—that decedent was fully warned of the danger, namely, that these wires were charged with a high potential current. It is claimed that if the whole conversation had been admitted it would have tended to show that the decedent was informed by the superintendent that the current would be shut off. If the superintendent so informed him it seems quite clear that it would have been very material on the question of decedent's contrib-

utory negligence. For if he was so informed he had a right to assume that the wires were not charged with electricity at the time he worked among and on them and he would not be guilty of a want of ordinary care in coming in contact with them as he did. The fact, which appears in evidence, that in the forenoon of the day the current was cut off to enable the decedent and other linemen to repair the wires, lends emphasis to the importance of this evidence as tending to show that he was free from contributory negligence, and that he had a right to assume that the current had been cut off. The trial court ruled that the decedent was sufficiently warned of the danger and that he assumed the risk incident to it, and that therefore no actionable negligence was shown. It is manifest from the record that the verdict was directed upon the ground that, under the facts and circumstances disclosed by the evidence, it conclusively appeared that decedent had assumed the risk of all dangers incident to the alleged negligence. As above indicated, this is erroneous if he had been informed or was led to believe that the current would be cut off the wires with which he came in contact. The evidence as to defendant's negligence in the respect charged is in conflict and permits of different reasonable inferences in support of the claims of either party, and it therefore presents a question to be determined by a jury. *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57; *Zentner v. Oshkosh G. L. Co.* 126 Wis. 196, 105 N. W. 911.

The ruling above complained of was erroneous upon a well-established rule as to the competence and materiality of evidence, namely, that all parts of a conversation, if material to the issues litigated, may properly be offered by either party as a matter of right, and' "each party may give his version of a conversation, and if one gives a part sufficiently complete to be material to the case, the other has the right to prove the balance. That, of course, he may do by cross-examination or by other witnesses." *Fertig v. State,* 100 Wis. 301, 75 N.

W. 960, and cases cited; *Garvin v. Gates,* 73 Wis. 513, 41 N. W. 621; *Hupfer v. Nat. D. Co., post,* p. 306, 106 N. W. 831. The respondent contends that these rulings of the court cannot be regarded as prejudicial, because, after the alleged conversation at the power house, at a meeting of the superintendent and the decedent in the street near the pole on which the accident occurred, the superintendent informed him as he was ascending the pole that the wires were charged with an electric current and that he must look out for this danger. It is true that defendant's witnesses testified to this effect, but it also appears by the evidence of the witness Randall, who worked with decedent and was at the foot of the pole where this conversation is claimed to have occurred, that, in speaking, the superintendent addressed him and not the decedent, and that decedent had then ascended the pole to such a height that on account of noises he probably did not hear what was said, and that he did not thereafter communicate to the decedent anything said by the superintendent. Under these circumstances it cannot be said that it appears without dispute that the decedent was warned that the wires were charged with an electric current. The exclusion of this evidence was prejudicial and necessitates a retrial of the case.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.