Hupfer, Administrator, Respondent, vs. National Distilling Company, Appellant.

*February 2—February 23, 1906.*

*Appeal and error: Direction of verdict: Experts: Qualification: Evidence: Competency: Photographs: Identification: Cross-examination: Redirect examination: Instructions to jury.*

1. Where, on a first appeal, a judgment in favor of plaintiff was reversed for error, on a second appeal a judgment of nonsuit was reversed and a new trial ordered, and on the third appeal

the evidence was close upon some material questions, it cannot be said, as matter of law, that there is error in refusing to direct a verdict in favor of defendant.

2. In an action for the death of plaintiff's intestate, caused by the bursting of a wooden tank containing distilling slops, plaintiff interrogated a witness called as an expert as to the liability of lactic acid in the slops percolating through the tank and corroding the iron hoops. *Held*, under the evidence, stated in the opinion, that the witness was not qualified to testify as an expert and that the admission of his testimony was error.

3. Where, on a former appeal, photographs were held improperly admitted in evidence because the evidence did not sufficiently identify the subject photographed, and, on a subsequent appeal, in view of the testimony on the second trial, it was held error to exclude such photographs, and on the instant appeal it appeared that the evidence tending to establish such identity was much more full and convincing than on the last previous trial, it was *held* that the photographs were properly admitted in evidence, and that there was no error in refusing to strike them out.

4. It is error to exclude answers to questions put on redirect examination explaining a witness's testimony on a former trial, where the witness has been asked on cross-examination as to what was his testimony on such former trial.

5. Such error is cured by a subsequent offer, with the acquiescence of the court, to allow such testimony to be given without objection and the declination of such offer.

6. An *instruction* to the *jury:* "The burden of proof as to the second question and as to *every other question* of this verdict *except the last question*—being the one in regard to damages,—is upon the affirmative; that is to say, you will not answer any of these questions by 'Yes' unless you are satisfied by the preponderance or greater weight of all the evidence in the case that the fact or facts which you find by such affirmative answers are true and correct," is misleading and erroneous, and equivalent to saying that upon the question of damages the burden of proof is not upon the party seeking to establish the affirmative, and is *held* not cured by specific instructions on the question of damages.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

This action is brought to recover damages for the death of

the plaintiff's intestate September 13, 1899, caused by the bursting of a large circular tank or vat containing distilling slops. This case has been here on two former appeals and the facts involved and the questions determined may be found in 114 Wis. 279, 90 N. W. 191, and 119 Wis. 417, 96 N. W. 809. At the close of this last trial the jury returned a special verdict to the effect (1) that Simon Hupfer died September 13, 1899, on account of injuries sustained by the bursting of defendant's slop vat on said day; (2) that at the time of the bursting of said vat the hoops on said vat were so rusted as to be defective and unfit for the purpose for which they were used; (3) that the defendant knew of such defective condition of said hoops in time to have remedied such defects before the accident; (4) that the defendant in the exercise of ordinary care ought to have known of such defective condition of said hoops in time to have remedied same before the accident; (5) that such defective condition of said hoops was the proximate cause of the injury to deceased; (6) that the deceased, Simon Hupfer, was not guilty of any want of ordinary care which contributed to the injury resulting in his death; (7) that they assessed the plaintiff's damages at $4,000. From the judgment entered in favor of the plaintiff upon such verdict for the amount stated, with costs, the defendant appeals.

For the appellant there was a brief by *O'Connor, Schmitz & Wild*, and oral argument by *A. J. Schmitz* and *Robert Wild*.

*Joseph B. Doe*, for the respondent.

CASSODAY, C. J.  1. This case has been here upon two former appeals. 114 Wis. 279, 90 N. W. 191; 119 Wis. 417, 96 N. W. 809. On the first appeal the judgment in favor of the plaintiff was reversed for error. The second appeal was from a judgment of nonsuit, and the same was reversed and the cause was remanded for a new trial. It is now urged,

Hupfer v. National Distilling Co. 127 Wis. 306.

among other things, that the trial court erred in refusing to direct a verdict in favor of the defendant on the merits. This claim was presented and to some extent considered on both of the former appeals. The evidence is close upon some material questions, but it cannot be said, as a matter of law, that there was error in refusing to direct a verdict in favor of the defendant. Nor can we say from the undisputed evidence that there was error in refusing to set aside the answers of the jury to the second, third, fourth, fifth, and seventh questions of the special verdict, and, when so amended, to enter judgment thereon in favor of the defendant.

The plaintiff's witness, Mitchell, as a chemical expert, testified that he never had any experience or practical knowledge in ascertaining as to how thick a healthy and sound board or plank might be to permit lactic acid or slop containing lactic acid to penetrate it; that he never experimented to ascertain whether seventy-two one-hundredths of one per cent. of lactic acid contained in a fluid would seep through a healthy two-inch plank, and never made any experiment at all in that line; that he knew something about the seepage of lactic acid in dilution with aqueous infusion from actual experience; that as far as the wood was concerned and as far as water of that temperature was concerned, the slop mentioned would not seep more than water; that water of that temperature would have about the same amount of seepage; that the lactic acid would not add to the seepage quality through the wood appreciably; and that he knew that water would not seep through a tub or vat constructed of sound three-inch staves tightly clasped together, so that it would percolate through the wood or leak appreciably. After so testifying the witness was allowed, against objection, to answer the question whether, under the conditions described, the lactic acid in the slops would percolate or seep through the staves of such tub to any extent; and in giving such testimony he stated, in effect, that he knew there would be more or less seepage, and in case of

the vat described and the character of the slops mentioned there would be an effect upon the hoops on account of such seepage and percolation, and that the hoops would be corroded or eaten thereby. Such testimony was upon a vital point in the case, and we are constrained to hold that the witness was not qualified to so testify as such expert, and hence that the ruling so complained of was error.

2. Error is assigned for admitting in evidence photographs of what the plaintiff claims to have been the same hoops which were around the tank at the time it burst, and for refusing, at the close of all the testimony, to strike such photographs from the record. The admission of such photographs has been one of the controverted questions from the beginning. On the first appeal it was held that the photographs were improperly admitted in evidence because the evidence did not sufficiently identify the hoops so photographed as the hoops in question. On the second appeal it was held to be error to exclude testimony tending to prove that four or five days after the accident the defendant's chief engineer and superintendent of machinery and apparatus, on the request of the plaintiff's attorney, pointed out the hoops photographed, and stated that they were the same hoops which came from the broken tank. On the same appeal it was said by this court, in effect, that a comparison of the evidence of identification of the hoops photographed contained in the printed case on the first appeal with that on the second appeal showed "a very marked difference, not only in the specific facts of which testimony" had been "given, but also in respect to the clearness and definiteness of evidence to facts which were in some degree suggested in the former case." It was also stated that the trial court "was mistaken" in supposing that the decision of this court on the first appeal required that court to exclude the photographs, notwithstanding they were sufficiently identified, in the judgment of that court. Then, after considering the evidence bearing upon the question of such identity

and the advantages of the trial court over this court in determining such questions, it was said:

"The question of identification, as preliminary to the admissibility of the photographs, was, however, one for the court and not primarily for the jury, and, so far as it was a question of fact, the conclusion of the trial court upon the evidence must be given great weight upon appeal—substantially the same weight as is given that court's findings upon other issues tried without a jury."

And again:

"In view of the deference due to a deliberate conclusion by the trial court as to sufficiency of the identification, we might hesitate, even in the present case, to overrule such conclusion and hold it reversible error. Resolution of the doubt on that question is, however, not necessary, as reversal must result upon other grounds, and upon a new trial the positive identification by defendant's engineer may substantially vary the situation."

It is enough to say that upon this last trial the evidence tending to establish such identity was much more full and convincing than on the last previous trial; besides, there was one additional witness who had not testified in the case before by reason of being absent in a distant territory. We are constrained to hold that the photographs were properly admitted in evidence and that there was no error in refusing to strike them out.

3. Error is assigned for excluding testimony of the defendant's superintendent. It appears that upon cross-examination the plaintiff's counsel asked the witness as to what he testified, on the former trial before Judge Ludwig, as to the condition in which he found the slop vat when he examined the same with a knife. And he was then asked by defendant's counsel on redirect examination whether at the time and in connection with such testimony he was asked how he found the iron and whether he did not answer that he found it in good condition; and whether he had not stated that the hoops were painted

black and the staves brown; and that the tub had been painted before, but he could not tell when. But such questions were excluded; and the defendant's counsel was not allowed to read the questions put to the witness nor the answers made by the witness for the purpose of explaining some of the testimony that the plaintiff's counsel had referred to as having been given on the former trial before Judge LUDWIG. It seems to be well settled that:

"After a witness has been cross-examined respecting a former statement made by him, the party who called him has a right to re-examine him to the same matter. The counsel has a right, upon such re-examination, to ask all questions which may be proper to draw forth an explanation of the sense and meaning of the expressions used by the witness on cross-examination, if they be in themselves doubtful, and also of the motive by which the witness was induced to use those expressions; but he has no right to go further and to introduce matter new in itself, and not suited to the purpose of explaining either the expressions or the motives of the witness." 1 Greenl. Ev. (15th ed.) § 467. See *Smith v. Milwaukee E. R. & L. Co., ante,* p. 253, 106 N. W. 829.

We must hold that the exclusion of such re-examination was error.

Counsel for the defendant also assigns a similar error because the court refused to allow the same witness to explain his testimony given before the coroner and to which his attention had been called on cross-examination by the plaintiff's counsel. But the defendant is in no position to insist upon such error, since at the close of the testimony counsel for the plaintiff offered, in open court, to allow the defendant's counsel, if he desired, to read to the jury any of the testimony of the witness so taken before the coroner, without any objection on his part; and the court thereupon stated that, if there was anything in that record which the defendant's counsel desired to read, he might read it; but the defendant's counsel declined such offer.

4. Error is assigned because, after defining the burden of proof, the court charged the jury that:

"The burden of proof as to the second question, and as to *every·other· question* of this verdict *except the last question—* being the one in regard to damages,—is upon the affirmative; that is to say, you will not answer any of these questions by 'Yes,' unless you are satisfied by the preponderance or greater weight of all the evidence in. the case that the fact or facts which you find by such affirmative answer are true and correct."

That was equivalent to saying that upon the question of damages the burden of proof was not upon the party seeking to establish the affirmative. Certainly such burden was not on the defendant. The portion of the charge quoted left the jury to infer that it was not on the plaintiff. The whole purpose of the action was to recover damages. And in another portion of the charge the jury were told that under no circumstances could they "give the plaintiff damages in excess of $5,000." Of course, the question whether damages were sustained was a question of fact to be determined by the jury from the evidence, and the burden of furnishing such evidence was on the plaintiff. We are constrained to hold that the portion of the charge thus quoted was misleading and hence erroneous. True, the court specifically charged the jury on the question of damages, but that did not cure the error mentioned. We find no other question of sufficient importance to call for consideration.

*By the Court.*—By reason of the errors mentioned the judgment of the circuit court is reversed, and the cause is remanded for a new trial.