STEIDL, Appellant, vs. CALIEBE, Respondent.

*April 3—June 26, 1934.*

For the appellant there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Abraham Sigman.*

For the respondent there was a brief by *Krugmeier & Witmer* of Appleton, and oral argument by *Joseph Witmer.*

The following opinion was filed May 1, 1934:

FOWLER, J.   The action grew out of a collision at a highway intersection between a motor-cycle and an automobile.

The case was tried before Municipal Judge BERG and a jury. At the close of the testimony the defendant moved for a directed verdict. The trial judge granted the motion, saying: "The court finds that both the plaintiff and the defendant are negligent as a matter of law and they are equally negligent." Judgment was entered dismissing the complaint. Judge BERG died before the motions after verdict were argued and they were heard by Judge RYAN, who entered judgment of dismissal.

The appellant contends that the court erred: (1) In not submitting to the jury the question of the negligence of the respective parties, and (2) in not submitting the question of their comparative negligence under sec. 331.045, Stats.

The plaintiff, a traffic officer riding a motor-cycle, collided at a road intersection in the country with a Ford automobile driven by the defendant. The plaintiff was traveling west on State Trunk Highway 10. The defendant was approaching from the north on County Trunk Highway A. Highway 10 is an arterial and is paved with concrete. Highway A is surfaced with gravel and has on it an arterial stop sign. Two or three feet of the concrete at its north edge at and near the intersection had gravel on it carried by the wheels of cars coming from Highway A.

The plaintiff testified that he approached the intersection traveling near the north edge of the concrete; that he saw the defendant approaching at ten miles an hour; that he had reduced his speed from forty to forty-five to twenty to twenty-five miles an hour, and was proceeding at the latter rate supposing the defendant would stop before reaching the concrete; that he kept watch of the defendant, but the defendant did not stop; that when he observed that the defendant was about to enter upon the concrete without stopping he was only twenty or twenty-five feet away; that he then applied his brakes and undertook to turn right behind the automobile, but his motor-cycle skidded on the gravel and he lost

control of it and slid into the rear of the automobile, which was "cutting the corner" of the intersection. The defendant testified that he stopped his automobile at the arterial sign and proceeded slowly towards the intersection; that he saw the plaintiff; that when he started across the intersection the plaintiff was at a junction sign three hundred and eighteen feet away, and he thought he had ample time to cross ahead of him, but that the plaintiff was coming at such speed that he collided with the rear of the automobile just before it passed the center of the concrete.

It would seem clear that if the jury believed the testimony of either one of the parties in its entirety, they might infer therefrom either that such party was not negligent at all or if negligent was less so than the other party. The credibility of the witnesses as well as the weight and effect of their testimony was for the jury. They might not find either party entirely credible, or the testimony of either entirely true. There were two other eye-witnesses of the collision, or of matters relevant to it, whose testimony might aid materially in determining the inferences of fact that should be drawn from the evidence. Enough has been said to indicate that the question of the negligence of each party was for the jury, and that if both were found negligent by the jury the comparative negligence of the parties was also for the jury's determination.

Judge RYAN in ruling on the motions after verdict held that "the trial judge was warranted in finding that plaintiff's testimony is contrary to the undisputed physical facts;" that both parties were negligent, and that their negligence did "not differ in kind and quality" because they had ample opportunity to discover each other;" and that their negligence came "within the exception mentioned in *McGuiggan v. Hiller Brothers,* 209 Wis. 402, 245 N. W. 97," wherein it is stated, in effect, that circumstances may conceivably exist which would warrant the court in holding the negligence of adverse parties equal as a matter of law.

The physical facts referred to by Judge RYAN are that the automobile after the collision faced northeast, with its rear near the south edge of the concrete, and the motor-cycle was light. His reasoning was that the plaintiff's testimony was false because the light motor-cycle colliding with the rear of the automobile on the north edge of the concrete could not have thrown it entirely across the concrete. The jury might so infer perhaps, but it was for them, not the court, to draw that inference, if it was to have any weight in determining the issues of the case; and if that inference were drawn it would not necessarily control the conclusions of ultimate fact.

*By the Court.*—The judgment of the municipal court is reversed, and the cause remanded for a new trial.

A motion for a rehearing was denied, with $25 costs, on June 26, 1934.