**Maurine HUSE, and Albert Huse, parents and next of kin of David Huse, deceased, and James Huse, Plaintiffs-Appellees,**

**v.**

**CONSOLIDATED FREIGHTWAYS, Inc., Defendant-Appellant.**

**No. 11387.**

United States Court of Appeals
Seventh Circuit.

Nov. 30, 1955.

John F. Jenswold, Schlotthauer & Jenswold, Madison, Wis., for appellant.

James C. Herrick, Madison, Wis., Duane Herrick, Eau Claire, Wis., for appellee.

Before DUFFY, Chief Judge, and MAJOR and FINNEGAN, Circuit Judges.

DUFFY, Chief Judge.

This is an appeal from a judgment in favor of plaintiffs, rendered after a jury trial, based upon claims for damages growing out of a collision between an automobile driven by plaintiffs' decedent, David Huse, and a tractor and semi-trailer unit owned by defendant and driven by its employee, Roy Walther. Jurisdiction is based upon diversity of citizenship.

The collision occurred August 9, 1953, about 5:30 A.M., on a clear morning, about four miles south of Sauk City, Wisconsin, on U. S. Highway 12. The paved portion of the highway was black-top, twenty-two feet in width on which was indicated a center line. On either side of the pavement were freshly gravelled shoulders which were variously described as being from three to six feet in width. At the point where the vehicles collided the highway is quite level and runs in a northerly and southerly direction. There is a straight stretch of highway for a distance of from 300 to 500 feet both north and south of the point of collision. At the northern end of this straight stretch the highway curves to the northeast, and on the south end of the straight stretch the highway curves to the southeast.

The issues were submitted to the jury upon a special verdict. The jury found that neither defendant's employee, Walther, nor David Huse were negligent in the operation of their motor vehicles with respect to management and control. However, the jury found that both Walther and David Huse were negligent in respect to the operation of their motor vehicles as to the position of such vehicles on the highway, and that such negligence was a cause of the accident. Wisconsin has a comparative negligence statute and the jury apportioned the negligence as follows: to Roy Walther, 70%; to David Huse, 30%.

Defendant made motions for a directed verdict and for judgment notwithstanding the verdict which motions were denied. Appellant alleges error in such rulings. Appellant also asserts that the giving of certain instructions was error; that there was no support for the jury's award to plaintiffs of pecuniary loss caused by the death of their son, and that the Court erred in permitting, after the jury was sworn, the substitution of Albert Huse, for William Huse, as a party plaintiff.

Defendant's tractor and trailer weighed 56,000 pounds and the trailer was 35 feet in length. At its widest point the tractor was eight feet in width. Two saddle tanks carrying fuel for the operation of the tractor were located immediately to the rear of the tractor

seat, and extended sidewise to a point approximately in line with the sides of the tractor cab. Walther testified that his speed was 45 miles per hour or perhaps a few miles faster. He estimated the speed of the Huse automobile at 55 or 60 miles per hour. There were two surviving eye witnesses to the collision, one being the truck driver, Walther, and the other a George Johnson who was driving an automobile in a northerly direction following defendant's truck.

The collision occurred in broad daylight. The sun was shining. Walther testified that when the vehicles were approaching, 300 to 400 feet apart, the Huse automobile swung to the east and continued toward him in Walther's lane of travel; that he blew several blasts on his air horn, and at the last moment when he saw a collision was imminent, he slammed on his brakes and turned his tractor sharply to the left, and that the vehicles then collided. He testified that at the moment of impact he was on his own side (east side) of the highway. He described the impact as a head-on collision.

Johnson testified he was driving about 300 feet behind defendant's truck; that he saw the Huse car come around the curve and that it was then straddling the center line; that when the truck and automobile got quite close each turned toward the west side of the highway. He testified he did not know whether the collision occurred east or west of the center line of the highway because of a cloud of dust. However, he admitted that in another court, in other litigation involving the same collision, he testified the impact was on the west half of the highway.

Traffic officers arrived a short period after the collision. Numerous photographs were taken. Officer Maves made measurements of and observed certain physical facts and made a drawing as a result of these measurements and observations. Debris and a large spot of oil were found in the west traffic lane. A tire mark led from the right rear wheel of the trailer back to the east half of the northbound lane on the highway. The southernmost end of this tire mark was 5 feet 8 inches from the east edge of the east lane of the highway. The Huse automobile was completely demolished and came to a rest on the shoulder on the west side of the highway. The tractor crossed the west lane at an angle, went through a ditch and into the adjoining field on the west side of the highway. The left end of the saddle tank was torn off, the left front of the tractor was dented, and part of the left side of the radiator grille was damaged.

■■ After the jury had been sworn and counsel had made their opening statements, plaintiffs moved to amend their pleadings to change the name of one of the plaintiffs from *William* Huse to *Albert* Huse. Over the objection of the defendant, the District Court allowed the amendment. Defendant urges this was error because by such procedure he was deprived of the opportunity on the *voir dire* to ask the jury whether they knew Albert Huse. Defendant also claims an adverse effect to its interest because Albert Huse was an insane person.

In the complaint it was alleged that plaintiffs, Maurine Huse and William Huse, were the parents and next of kin of David Huse, deceased. It is apparent the attorney preparing the summons and complaint inadvertently named David Huse's father as *William* instead of *Albert*. True it is that Albert was a patient in a mental institution, but he was in that condition prior to the time of the collision and the death of his son. Plaintiffs' motion to amend included the naming of David's mother, Maurine Huse, as general guardian for Albert Huse, incompetent. Under § 331.04(2) Wis.Stat., Albert Huse had a joint interest with his wife, Maurine, in any recovery of damages by reason of the alleged wrongful death of his son. Represented by his guardian, Albert Huse was a proper party plaintiff to this suit.

Defendant did not plead surprise nor move for a continuance.

In federal practice amendments are freely granted when justice so requires. There is no showing that defendant was prejudiced. We think defendant's claim of error in this respect is entirely without merit.

■ The jury awarded to the parents of David Huse $1645 for the pecuniary loss which they sustained by reason of his death. It is the claim of defendant that no proof of any pecuniary loss to David's parents was made. The evidence disclosed that while the father was confined to a mental institution, the mother was attempting to operate the farm. After David and his brother entered the Armed Services of this country, the mother worked part time as a waitress in addition to her farm duties. At the time of his death David was a minor and his parents were entitled to his earnings. For sometime before his death David and other children had been helping to build an addition to the home. There was evidence to show David helped on the farm prior to leaving for service, and that he was able to obtain leaves from his nearby army station about every three weeks during which period he returned home and helped with the work on the farm. There was some evidence that he had spoken of giving financial help to his parents in the future. We hold there was sufficient evidence to support an award for pecuniary loss, and that the amount awarded by the jury was not excessive.

■ Defendant claims error because the trial judge told the jury in his instructions that the Wisconsin Statutes permitted a recovery up to $2500 for the loss of society and companionship. This was the amount of the award made by the jury with reference to this element of damage. The Wisconsin Supreme Court has disapproved the practice of giving this information to the jury. Schulz v. General Casualty Co. of Wisconsin, 233 Wis. 118, 288 N.W. 803; Mueller v. Silver Fleet Trucking Co., 254 Wis. 458, 37 N.W.2d 66. The objection is that such instruction tends to give the jury the impression that the statute provides for a measure of damages rather than a limit of damages. However, the Wisconsin rule is that the giving of such instruction does not necessarily require reversal. Schulz v. General Casualty Co. of Wisconsin, 233 Wis. 118, 127, 288 N.W. 803. Under the circumstances of this case we do not think that a reversal is required because of this part of the Court's instructions.

■ Defendant complains because the trial judge instructed the jury that as David Huse was deceased and unable to testify, the presumption is that he exercised due care for his own safety. The Wisconsin rule is that this presumption is a rebuttable presumption whose only purpose is to regulate the burden of going forward with the evidence. Reichert v. Rex Auto Accessories, 228 Wis. 425, 438, 279 N.W. 645; McCarty v. Weber, 265 Wis. 70, 73, 60 N.W.2d 716. Numerous Wisconsin cases have held it was not error to refuse to instruct on the presumption of due care where defendant had come forth with evidence of negligence on the part of the plaintiff. In the case at bar defendant had offered proof as to negligence of David Huse. It follows that there was no need to give the instruction as to the presumption of due care. While the court indicated that the presumption was rebuttable, it would have been preferable to have omitted the instruction entirely. However, we hold, under the circumstances of this case, the giving of the instruction was not prejudicial error. Furthermore, defendant waived any error in this respect by not excepting to the instruction at the conclusion of the charge. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A.

■ We are a bit perplexed by two of the questions included in the special verdict, and the answers of the jury thereto. They are:

1) At the time and place of the accident, August 9, 1953, was Roy Richard

Walther negligent in the operation of the tractor-trailer unit with respect to:
a) management and control? A. No.
b) position on the highway? A. Yes.

3) At the time and place of the accident, on August 9, 1953, was David Huse negligent in the operation of the automobile with respect to:

a) management and control? A. No.
b) position on the highway? A. Yes.

The Court gave a detailed instruction as to the duties of drivers of automobiles in the management and control of such vehicles on the highway. The Court made no mention whatsoever of the duties of drivers of motor vehicles as to "position on the highway," unless it was by reference to § 85.15(4) of the Wisconsin Statutes which provides: "*Meeting of vehicles.* Operators of vehicles proceeding in opposite directions shall pass each other to the right, each giving the other at least one-half of the main traveled portion of the roadway as nearly as possible." The Court stated this was a safety statute, and that its violation was negligence.

Where each vehicle was moving on the highway up to the moment of the collision, and each was apparently being driven and guided by and under the control of the driver, it is difficult to understand how the driver of the truck and the driver of the Huse automobile were not negligent as to management and control, and yet each was negligent as to the position of his vehicle on the highway. It is apparent that the trial judge and the jury, in appraising the conduct of the drivers, understood there was a difference between management and control of the vehicles and the place on the highway occupied by the vehicles at the moment of collision. We shall assume the phrase "position on the highway" referred to the duty of the drivers of motor vehicles under § 85.15(4), Wis. Stats., hereinbefore quoted. In any event, the defendant made no objection to the questions in the verdict, and did not make any motions with reference thereto. It did not urge the form of the special verdict as a reason for reversal of the judgment in the Court below. Under the circumstances we shall not consider whether error was committed by reason of the form of questions submitted in the special verdict.

The jury attributed 70% of all the negligence to the driver of defendant's tractor-trailer. Under the evidence they might well have attributed more than 50% of the negligence to David Huse. Nevertheless, under Wisconsin law such a question is peculiarly for the jury to determine. Bailey v. Bach, 257 Wis. 604, 44 N.W.2d 631; Farmers Mutual Automobile Ins. Co. v. Archambeault, 266 Wis. 378, 63 N.W.2d 828; Schulz v. General Casualty Co. of Wisconsin, 233 Wis. 118, 288 N.W. 803; Fronczek v. Sink, 235 Wis. 398, 291 N.W. 850, 293 N.W. 153; Steidl v. Caliebe, 215 Wis. 582, 254 N.W. 524.

Plaintiffs were, of course, entitled to have the evidence considered in the light most favorable to them including all reasonable inferences which could be drawn therefrom. The jury was entitled to draw inferences not only from Johnson's conflicting testimony but also from the physical facts such as the large oil spot and the debris on the westerly lane of the highway; also from the tire marks of the trailer indicating that at the point where such marks commenced, the right side of the trailer was nearly 6 feet in from the easterly edge of the east lane of the highway.

Defendant insists that the driver of its truck was confronted with an emergency which entitled the defendant to a directed verdict. The law in Wisconsin on this point is that when a person suddenly finds himself in a place of danger, and is required to act without time to consider the best means that might be adopted to avoid impending danger, he is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.

The trial court properly instructed the jury on the question of an emergency. We think that issue was properly a question for the jury. Finding no prejudicial error the judgment is

Affirmed.

FINNEGAN, J., concurs in the result.