Nyoka L. SOPER and Janea L. Soper, a minor, by her mother and next friend Nyoka L. Soper, Plaintiffs,

and

Michael Ray Soper and Janet Sue Soper, both minors, by their mother, sole surviving natural guardian and next friend Linda Soper Shults, Additional Plaintiffs,

v.

The KANSAS CITY SOUTHERN RAILWAY COMPANY, the Babcock & Wilcox Company, and Penn Central Transportation Company, Defendants,

and

Kansas City Power & Light Company, Additional Defendant.

Civ. A. No. 75–117–C2.

United States District Court, D. Kansas.

Feb. 8, 1978.

Michael E. Waldeck, of Niewald, Risjord & Waldeck, Kansas City, Mo., Myron S. Steere, Ottawa, Kan., for plaintiffs Nyoka L. Soper and Janea L. Soper.

John S. May, of May & Tuley, Atchison, Kan., for plaintiffs Michael Ray Soper and Janet Sue Soper.

James J. Lysaught, of McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendant Kansas City Southern Railway Co.

N. Jack Brown, of Boddington, Brown & Unverferth, Kansas City, Kan., for defendant The Babcock & Wilcox Co.

Leonard O. Thomas, of Weeks, Thomas, Lysaught, Bingham & Mustain, Kansas City, Kan., for defendant Penn Central Transportation Co.

J. Roy Holliday, Jr., of Hackler, Londerholm, Speer, Vader & Austin, Olathe, Kan., for defendant Kansas City Power & Light Co.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This is a wrongful death action. Federal jurisdiction is based upon diversity of citizenship. On January 3, 1975, plaintiffs' decedent was working on a construction project at the Kansas City Power & Light facility located at LaCygne, Kansas. As a result of an allegedly defective coupler, a railroad flat car broke free from a switch engine. The car rolled down an inclined track and struck and instantly killed plaintiffs' decedent.

Kansas City Southern Railway is named as an original defendant in the amended complaint. On April 15, 1977, the court sustained the motion of Kansas City Southern Railway to add Kansas City Power & Light (KCP&L) as an *additional* defendant under the Kansas Comparative Negligence Statute, K.S.A. § 60–258a(c), which reads:

> "On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action."

■ Kansas City Power & Light has now filed a "MOTION TO MAKE DEFINITE AND CERTAIN." KCP&L's reasons for filing this motion are quite understandable. Although KCP&L was informed that it had been made a party to the action and was served with a copy of the amended complaint and various other documents filed in this case, *no complaint for relief has ever been filed* against KCP&L. Since there is no document on file which it can respond to, KCP&L is naturally somewhat confused as to precisely what its status is in this case.

Kansas City Southern Railway is the only party who has responded to the motion. That defendant takes the position that KCP&L has been added as a party for the purposes of comparison only; that no claim is being made or can be made against KCP&L for damages. If a jury should attribute a percentage of negligence to KCP&L, however, the liability of Kansas City Southern Railway and the other originally-named defendants will be reduced. Thus, the argument continues, KCP&L is a party to this action in name only, and it is not necessary that a claim be filed against KCP&L or the KCP&L be allowed to participate in the case.

The issues presented are: (1) may an additional party, properly joined under K.S.A. § 60–258a(c), be held liable to a plaintiff for damages if the jury should attribute a percentage of the negligence causing plaintiff's injuries to said additional party; and (2) if the first question is answered in the affirmative, who, if anyone, has the responsibility to file a claim against said additional party (alleging that its negligence contributed to plaintiff's injuries). We know of no precedent on these issues, either in Kansas or in other states with a provision similar or identical to K.S.A. § 60–258a(c). The parties have cited no authority on the subject.

■ We reject Kansas City Southern Railway's argument that KCP&L was made a party to this action for the purposes of comparing and assessing its negligence only. Such a ruling would, in our opinion, run contrary to the spirit and intent of the Comparative Negligence Statute. The statute was designed to bring all parties involved in an incident together in one action, whenever possible, and allocate the plain-

tiff's damages according to the degree of fault attributed to each defendant [whether that "defendant" was made a party by the plaintiff or by motion of an original defendant under K.S.A. § 60–258a(c)].

Plaintiffs in this case did not name KCP&L as a defendant; we can only assume that this is because the plaintiffs do not believe the KCP&L was negligent. Kansas City Southern Railway may reduce its liability by convincing a jury that KCP&L was negligent and that such negligence was a contributing cause of plaintiffs' decedent's death. However, if Kansas City Southern Railway is successful in this endeavor, we know of no reason why plaintiffs may not recover against KCP&L that percentage of their damages which a jury attributes to the negligence of KCP&L. This court has personal jurisdiction over KCP&L; the presence of KCP&L in the lawsuit will not destroy subject matter jurisdiction; and KCP&L enjoys no statutory shield precluding its liability to plaintiffs [as did the employer in *Beach v. M & N*, 428 F.Supp. 956 (D.Kan.1977)]. Accordingly, we hold that KCP&L may be brought into this lawsuit as an alleged tort feasor and be required to defend itself against a claim that its negligence was a contributing cause of the death of plaintiffs' decedent.

The remaining question is what procedural steps must be taken and by whom to clarify the status of KCP&L. It is clear that *someone* must file a claim against KCP&L. Basic principles of fundamental fairness and due process require us to conclude that KCP&L may not be brought into the lawsuit and forced to defend itself until it has at least been served with a claim for relief, containing at least a rudimentary statement of how KCP&L was negligent and how such negligence contributed to the wrongs suffered.

Plaintiffs are not in any position to file a claim against KCP&L, since plaintiffs have not alleged and apparently are unaware of any facts tending to show that KCP&L was negligent. The only party who has alleged the existence of facts tending to show that KCP&L was negligent is the defendant Kansas City Southern Railway. Thus, we believe that it is entirely proper that Kansas City Southern Railway be required to file a "claim" against KCP&L alleging that KCP&L was negligent and that such negligence was a contributing cause of the death of plaintiffs' decedent, and that KCP&L may be liable to plaintiffs for damages. This "claim" will be made jointly for the benefit of Kansas City Southern Railway and the other defendants, in that it may reduce their liability, and also for the benefit of plaintiffs, in that it may allow plaintiffs to recover damages from KCP&L.

Accordingly, the motion of KCP&L is sustained, and Kansas City Southern Railway is directed to file a "claim" against KCP&L within 15 days from the date of this Memorandum and Order, and to have the "claim" served upon KCP&L. We are aware of no existing label for such a "claim," since it is not a complaint, nor a third-party complaint, nor a cross-claim. We would suggest that it be entitled "PETITION JOINING KANSAS CITY POWER & LIGHT AS AN ADDITIONAL DEFENDANT TO PLAINTIFFS' AMENDED COMPLAINT UNDER K.S.A. § 60–258a(c)." If Kansas City Southern Railway fails to file such a pleading, Kansas City Power & Light will be dismissed as a party to this action, and at trial the jury will not be allowed to attribute a percentage of negligence to Kansas City Power & Light.

In addition, we direct the parties' attention to the case of *Benton v. Union Pacific*, 430 F.Supp. 1380 (D.Kan.1977), in the belief that certain issues decided by the court in *Benton* are also presented in this case.

IT IS SO ORDERED.