In re WELFARE OF H. M. P. W., R. F. W. and K. W.

No. 48191.

Supreme Court of Minnesota.

June 15, 1979.

William R. Kennedy, Public Defender, Gerard W. Snell and William J. Briere and Patrick J. Sullivan, Asst. Public Defenders, Minneapolis, for appellant.

Thomas L. Johnson, County Atty., and Michael J. Gallagher, Robert W. Gyurci, Asst. County Attys., Minneapolis, for HCWD.

Nancy Fitzgerald, Minneapolis, for H.M. P.W., R.F.W. and K.W.

Robert B. Fine, Minneapolis, for respondent Mother.

Heard before SHERAN, C. J., YETKA and MAXWELL, JJ., and considered and decided by the court en banc.

## STEPHEN L. MAXWELL, Justice.*

Judge of Juvenile Division of the Hennepin County District Court terminated father's parental rights. Father appeals, contending that his criminal sexual conduct with a child other than his own does not justify termination of his parental rights under Minn.St. 260.221(b)(4). We affirm.

Appellant is the natural father of H. M. P. W., R. F. W., and K. W. He was convicted in 1968 of contributing to the delinquency of a 15-year-old female. In June 1972, he was convicted of molestation of a 4-year-old female child and was committed to the Anoka State Hospital; he was released in August 1974. In 1975, appellant was convicted of felonious sexual misconduct for assaulting an 18-year-old female and was committed to, and is still an involuntary patient in, the Minnesota State Security Hospital, St. Peter, Minnesota, where he may remain until 1982. He is making only minimal progress at the hospital, has remained in maximum security most of the time, and is believed to be dangerous to the community. He has never seen K. W. who was born in 1976. H. M. P. W. is presently 8 years old and R. F. W. is presently 7 years old. The county, while acknowledging the appellant's interest in his children, stated that appellant was "unable to provide them with any parental guidance or care either now or in the foreseeable future," and concluded that "[t]he father is unfit by reason of lewd and lascivious behavior and by other conduct likely to be detrimental to the physical and mental health and morals of the children."

The natural mother's parental rights to the three children have, for other reasons, been terminated and no appeal has been taken. She supports the juvenile court's termination of the father's parental rights.

Appellant contends (1) that his criminal sexual conduct with other than his own children does not justify the termination of his parental rights under Minn.St. 260.-221(b)(4); and (2) that his criminal sexual conduct has not been shown to have any direct effect on his children and that without this showing his rights can not be terminated.

1. In ordering the termination of appellant's parental rights, the court implicitly relied on Minn.St. 260.221(b)(4), which states that parental rights may be terminated if—

> " * * * the parents are unfit by reason of debauchery, intoxication or habitual use of narcotic drugs, or repeated lewd and lascivious behavior, or other conduct found by the court to be likely to be detrimental to the physical or mental health or morals of the child."

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

Criminal sexual conduct does not per se establish unfitness as a parent under Minn.St. 260.221(b)(4). Such a per se rule would be unwise given the nature of parental termination because each case must turn on its own peculiar facts and circumstances. See, e.g., *In the Matter of the Welfare of Kidd,* 261 N.W.2d 833, 835 (Minn.1978) (in which this court expressly declined to classify mental illness as conduct permitting termination of parental rights). Therefore, the issue before us is not whether criminal sexual conduct with children other than one's own justifies the termination of parental rights, but rather whether the facts of this case support a termination of appellant's parental rights under Minn.St. 260.-221(b)(4). Parental rights should not be terminated "except for grave and weighty reasons." See, *In re Parks,* 267 Minn. 468, 474, 127 N.W.2d 548, 553 (1964).

2. The only reason advanced by appellant in support of his position that he is not an unfit parent is that his previous criminal sexual conduct has not been shown to have had any *direct* bearing on the welfare of his children. He contends that Minn.St. 260.221(b)(4) "strongly implies that such reprehensible conduct must be observed by the children or must affect them directly."

The language of the statute cannot bear this interpretation. Minn.St. 260.221(b)(4) expressly authorizes termination of parental rights if the parent is unfit by reason of "repeated lewd and lascivious behavior." Because the statutory phrase "likely to be detrimental to the * * * child" only modifies "other conduct" and not "lewd and lascivious behavior," there need be no proof that appellant's criminal sexual behavior has harmed or is likely to harm his children. The wording of Minn.St. 260.221(b)(4) indicates that there has been a legislative determination that repeated lewd and lascivious conduct is, per se, detrimental to the physical or mental health or morals of the offender's child.

Appellant's criminal sexual conduct clearly comes within the description "lewd and lascivious." Although the Wisconsin Supreme Court has interpreted this language in its statute, from which the Minnesota statute is derived, to include "an element of openness of the improper acts," *In re Johnson,* 9 Wis.2d 65, 76, 100 N.W.2d 383, 390 (1960), the ordinary meanings of these words do not carry connotations of openness.[1] There appears to be little reason to change their accepted meanings in this context. Moreover, Minnesota enacted § 260.-221 in 1959, one year before the *Johnson* decision, thus entitling *Johnson* less deference than it might be given if it had preceded this state's enactment of the statute. See, *Olson v. Hartwig,* 288 Minn. 375, 377, 180 N.W.2d 870, 872 (1970).

Even if appellant's conduct were deemed not to be lewd and lascivious because the element of openness is lacking, his conduct still renders him unfit as a parent because it constitutes "other conduct" found by the court "to be likely to be detrimental to the physical and mental health and morals of the children."

Appellant seeks support for his assertion that parental misconduct justifies termination of rights only if it has a *direct* bearing on the welfare of the child in *Hansen v. Hansen,* 284 Minn. 1, 169 N.W.2d 12 (1969). In that case, the challenge was to the award of child custody to the former wife on the ground that she was unfit due to her admitted adultery. We affirmed and wrote:

"Adultery is not itself enough to establish the unfitness of a mother. * * * [O]ne may be a bad wife but still be a good mother. Thus, the moral unfitness of the mother must be such as to have a direct bearing on the welfare of the child if she is to be deprived of custody." 284 Minn. 6, 169 N.W.2d 15.

Although *Hansen* did not involve a termination of parental rights and therefore did not interpret or apply Minn.St. 260.221(b)(4), appellant contends that its reasoning is rel-

---

1. "Lewd" is defined by Webster's New International Dictionary (2d ed.) as meaning "lustful," "libidinous," "unchaste." An example of its use is "lewd thoughts." "Lascivious" is defined as meaning "lewd" or "lustful."

evant here by analogy, since a parent who is found fit to retain custody of her child would not be found unfit under § 260.-221(b)(4) in termination proceedings.

Appellant's reliance on *Hansen* by analogy is specious because the "direct bearing" requirement of *Hansen* is already implicit in § 260.221(b)(4), which permits termination of parental rights if the parent has engaged in conduct "likely to be detrimental to the * * * child." The statute does not, however, require a determination that the parent's conduct *has been* detrimental to the child. This court recently stated in *In the Matter of the Welfare of Kidd, supra:*

> "Appellant mistakenly argues that the evidence is insufficient as a matter of law to support the § 260.221(b)(4) finding inasmuch as there is no positive showing of harm to the infant. However, that statutory provision does not require a showing that harm has resulted to the infant child, but only that other conduct of the parent is likely to be detrimental to the physical or mental health of the child." 261 N.W.2d 836.

Thus, there is no requirement that appellant's criminal sexual behavior must have directly affected his children physically before he can be found unfit, or that they must have observed the behavior. Rather, it is only required that his behavior is likely to be detrimental to the children's physical or mental health or morals. In this respect, the juvenile court specifically found and its findings are amply supported by the record.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.