ALICE OLSON, TRUSTEE FOR HEIRS OF
JERRY J. OLSON, v. DAVID HARTWIG
AND ANOTHER.

180 N. W. (2d) 870.

October 30, 1970—Nos. 42407, 42453.

*Carroll, Cronan, Roth & Austin* and *Frank X. Cronan,* for appellants.

*Andrew P. Engebretson,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an action under Minn. St. 573.02 to recover for the wrongful death of plaintiff trustee's decedent, who was killed in a collision between a bakery delivery van he was driving and a semitrailer truck driven by one of the defendants. The case was tried under our new comparative negligence statute. The jury

found that plaintiff's decedent's negligence had contributed 40 percent to the cause of the collision and defendant driver's negligence had contributed 60 percent to the cause. It found damages in the amount of $65,000. The trial court deducted 40 percent of $65,000, leaving the sum of $39,000. It then reduced that amount to $35,000, the maximum recovery permitted under our death by wrongful act statute. Aside from these facts, the facts of the action are not of importance. The only question before us is whether plaintiff's decedent's negligence of 40 percent should be applied to the damages found by the jury ($65,000) or to the maximum recovery permitted under § 573.02 ($35,000).

The pertinent portion of our death by wrongful act statute, § 573.02, reads:

"* * * The *recovery* in such action [for wrongful death] is such an amount as the jury deems fair and just in reference to the pecuniary loss resulting from such death, shall not exceed $35,000, and shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death." (Italics supplied.)

Our comparative negligence statute, Minn. St. 604.01, which was enacted by the 1969 legislature (L. 1969, c. 624, § 1), so far as material, reads:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover *damages* for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any *damages* allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering." (Italics supplied.)

It is significant that § 573.02 speaks in terms of "recovery" while § 604.01 speaks in terms of "damages." Obviously the two words are not synonymous. We recently had occasion to consider the difference in meaning between "recovery" and "damages." In Range v. Van Buskirk Const. Co. 281 Minn. 312, 316, 161

N. W. (2d) 645, 648, also an action for death by wrongful act, we stated:

"* * * In 1951 the legislature amended Minn. St. 1949, § 573.02, subd. 1, substituting the word 'recovery' for the word 'damages.' L. 1951, c. 697, § 1. A clear distinction exists between 'damages' and 'recovery,' and the legislature is presumed to have used these distinctive words deliberately."

The pertinent portion of our comparative negligence statute was taken literally from the Wisconsin comparative negligence statute.[1] Wisconsin's death by wrongful act statute, Wis. Stat. 1967, § 895.04, speaks in terms of *damages* whereas Minn. St. 573.02 speaks in terms of maximum *recovery;* but we see no significant difference in this fact in so far as construction of our comparative negligence act is concerned.

While it is not an inflexible rule, normally when we adopt a statute from another state which has been interpreted by the highest court of that state, we take the interpretation with the statute.[2] Minnesota Baptist Convention v. Pillsbury Academy, 246 Minn. 46, 74 N. W. (2d) 286; Phelps v. Benson, 252 Minn. 457, 90 N. W. (2d) 533. The same rule prevails in borrowing constitutional provisions from another state.[3]

The Wisconsin Supreme Court had occasion in Mueller v. Silver Fleet Trucking Co. 254 Wis. 458, 37 N. W. (2d) 66, to construe its statute in reference to the question now before us. In a four-to-three decision the court held that the percentage of decedent's negligence should be applied to the damages found by

---

[1] Wis. Stat. 1967, § 895.045, reads: "Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

[2] See, generally, 17 Dunnell, Dig. (3 ed.) § 8956.

[3] See, 16 Am. Jur. (2d) Constitutional Law, § 82.

the jury rather than to the maximum permissible damages permitted under its death by wrongful act statute. After this decision, the Wisconsin Legislature amended § 895.04 in 1951, in accord with the minority view in Mueller, by adding as subd. (7):

"Damages found by a jury in excess of either maximum amount specified above shall be reduced by the court to such maximum. The aggregate of such maximum amounts shall be diminished under s. 895.045 [comparative negligence statute] if the deceased or person entitled to recover is found negligent."

Thus, while ordinarily we would adopt the decision in Mueller with the statute, we are confronted here with the repudiation of the majority view by amendment of the Wisconsin statute shortly after the case was decided. When our legislature adopted our comparative negligence statute, it had available both the Mueller decision and the Wisconsin legislative act repudiating it. The question thus arises, in seeking the intent of our legislature: Did it intend to follow the Mueller decision or the amended statute? We are persuaded that if our legislature had intended to follow the amendment of Wisconsin's death by wrongful act statute, it would have adopted the statute as amended, either by appropriate provision in our comparative negligence statute or by amending our death by wrongful act statute. Not having done so, in the light of Range v. Van Buskirk Const. Co. *supra,* which clearly differentiates between *damages* and *recovery,* we must assume that the legislature intended the Wisconsin statute as construed in Mueller to be the proper interpretation.

The most persuasive argument advanced in favor of applying the percentage of plaintiff's decedent's negligence against the maximum recovery permitted under our death by wrongful act statute rather than the damages awarded by the jury is that otherwise a case may arise where even though plaintiff's decedent's negligence was 49 percent responsible for the damages

for which plaintiff seeks recovery he could still recover the full amount permitted under Minn. St. 573.02. It is true that such a situation may occur if the damages awarded are sufficiently large. The only answer to this argument is that in many wrongful death cases the actual damages to the next of kin far exceed permissible recovery under our statute, and it is more equitable to permit recovery of the full amount permitted under our statute in such a case than to further reduce the amount which the next of kin may recover. In any event, we think the number of such cases that will arise will be minimal, and if some other rule is to be adopted it should be done by the legislature.

Affirmed.