**Frances BENTON, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant.**

**Civ. A. No. 75–183–C2.**

United States District Court, D. Kansas.

May 6, 1977,

Wilbur S. Stakes, Jr., Lansing, Kan., R. Pete Smith and Joseph H. McDowell, Kansas City, Kan., for plaintiff.

Charles D. McAtee and P. H. Lewis, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

The plaintiff was the wife and sole heir at law of Ronald L. Benton. On April 21, 1975, at a railroad crossing located at approximately K–32 and 88th Street in Wyandotte County, Kansas, an automobile driven by Ronald Benton collided with a train owned and operated by agents of the defendant, causing Benton's death. Plaintiff alleges diversity jurisdiction and brings this action under the Kansas wrongful death statute, K.S.A. § 60–1903.

In a Memorandum and Order dated November 2, 1976, the court held that the version of the wrongful death statute in effect at the time of the accident controlled, and that the plaintiff could therefore recover no more than $50,000.[1] Since the accident occurred after the effective date of K.S.A. § 60–258a, comparative negligence applies to this case. Therefore, we are faced with the question of how the wrongful death statute's limitation on recoverable damages interacts procedurally with the comparative negligence statute. The defendant has filed a "Motion for Determination of Law in Advance of Trial," and requests that the court rule:

"2. That the jury should be informed that their award of damages may not exceed the sum of Fifty Thousand Dollars ($50,000.00);

3. That the jury's award of damages (not to exceed $50,000) shall be reduced by the decedent's comparative percentage of negligence."

The plaintiff requests that the jury not be instructed regarding the $50,000 limitation on recoverable damages, and instead be told to determine the total amount of damages actually sustained by the plaintiff. If the jury then finds for the plaintiff, in an amount in excess of $50,000, and if the jury also finds plaintiff's decedent to have been contributorily negligent, the court should reduce plaintiff's damages by the percentage of negligence the jury has attributed to plaintiff's decedent. If the amount arrived at is in excess of $50,000, plaintiff would then be allowed to recover the $50,000 maximum.[2] If the amount arrived at is less than $50,000 plaintiff would then be allowed to recover only that amount.[3]

■ This is a question of first impression in Kansas. A federal district judge sitting as a state trial judge in a diversity action must endeavor to apply the law which he believes the state's highest court would declare if it had the opportunity to do so. *E. g., Burgert v. Tietjens*, 499 F.2d 1 (10th Cir. 1974); *Symons v. Mueller Company*, 493 F.2d 972 (10th Cir. 1974); *Cottonwood Mall Shopping Center v. Utah Power & Light Co.*, 440 F.2d 36 (10th Cir. 1971).

■ The precise language of the Kansas statutes does little to help resolve this issue. Therefore, it falls to the court to construe the language of these statutes in such manner as to give effect to the intent and

1. The wrongful death statute was amended effective July 1, 1975. The current version of K.S.A. § 60–1903 allows a maximum recovery of $25,000 for damages *other* than pecuniary loss sustained by an heir. No limit is placed upon recovery for such pecuniary loss. Thus, the problem we face today will arise with frequency only to causes of action accruing between July 1, 1974 (the effective date of the comparative negligence statute) and June 30, 1975, and will arise only rarely, if ever, to causes of action accruing after July 1, 1975.

2. Assume that the plaintiff's actual damages are $100,000 and that a negligence factor of 25% is attributed to plaintiff's decedent. Under the plaintiff's theory:

$100,000 diminished by 25% = $75,000. Since $75,000 is in excess of the statutory maximum, plaintiff recovers the $50,000 maximum.

Under defendant's theory, the 25% is taken from the maximum recoverable: $50,000 diminished by 25% = $37,500, the amount plaintiff recovers.

3. Assume that plaintiff's actual damages are $60,000 and that a 25% negligence factor is attributed to plaintiff's decedent. Under the plaintiff's theory:

$60,000 diminished by 25% = $45,000. Since $45,000 is less than $50,000, plaintiff recovers $45,000.

Under defendant's theory, the $50,000 maximum is reduced by 25%, and plaintiff recovers $37,500.

purpose of the lawmakers if at all possible. As was aptly noted in the comment to PIK Instruction No. 20.01:

"The comparative negligence statute states the law in general terms leaving many difficult legal questions unresolved. These will ultimately have to be determined by appellate court decisions on a case by case basis or by clarifying legislation."

The Supreme Court of Wisconsin and the Supreme Court of Minnesota have faced this question and each, in construing their state's statutes, adopted the position urged by plaintiff. See *Mueller v. Silver Fleet Trucking Co.*, 254 Wis. 458, 37 N.W.2d 66 (1949); *Olson v. Hartwig*, 288 Minn. 375, 180 N.W.2d 870 (1970).

The relevant Wisconsin comparative negligence statute in effect at the time of the *Mueller* decision read:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of the negligence attributable to the person recovering." Wis. Stat. § 331.045; See current Wis. Stat. § 895.-045 (1967).

The wrongful death statute, Wis. Stat. § 331.04(1)(a) stated:

" * * *, and in every such action the jury may give such damages, not exceeding $12,500, as they may deem fair and just in reference to the pecuniary injury, resulting from such death to the relatives of the deceased specified in this section; * * * " See current Wis. Stat. § 895.-04(4) (1967).

The majority reasoned that the wrongful death statute "places a limit upon recovery, but does not constitute a measure of adequate compensation." Therefore, under the comparative negligence statute, only "damages" were diminished by the plaintiff's negligence, and not necessarily the amount recoverable.

Three of the seven justices in *Mueller* dissented, stating that "damages allowed" should "be interpreted to mean the damages allowed by the statute when those found by the jury exceed that amount." In addition, the dissenters pointed out that under the majority's holding, a plaintiff whose decedent had been forty or forty-nine percent negligent could conceivably recover as much as a plaintiff whose decedent had not been negligent at all.

After the *Mueller* decision, the Wisconsin Legislature amended the wrongful death statute to adopt the minority view by adding the following language:

"Damages found by a jury in excess of either maximum amount specified above shall be reduced by the court to such maximum. The aggregate of such maximum amounts shall be diminished under § 895.045 [comparative negligence statute] if the deceased or person entitled to recover is found negligent." Wis. Stat. § 895.04(7) (1951).

The language of the Minnesota negligence statute enacted in 1969 is identical to the language of the Wisconsin Statute quoted earlier. Minn. Stat. § 604.01. The pertinent portion of the Minnesota wrongful death statute reads:

" * * * The *recovery* in such action [for wrongful death] is such an amount as the jury deems fair and just in reference to the pecuniary loss resulting from such death, shall not exceed $35,000, and shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death." (emphasis supplied.) Minn. Stat. § 573.02

In *Olson*, the Minnesota Supreme Court emphasized the fact that the wrongful death statute used the word "recovery," while the comparative negligence statute spoke of "damages." Previous Minnesota case law clearly distinguished between the meaning of these two terms. *Range v. Van Buskirk Construction Co.*, 281 Minn. 312, 161 N.W.2d 645 (1968). The court also not-

ed that since the Minnesota comparative negligence statute had been adopted from the Wisconsin statute, great weight should be given to the opinion of that state's highest court construing such statute. The 1951 amendment to the Wisconsin wrongful death statute, which in effect overruled the *Mueller* decision, was felt to be of little or no significance in view of the fact that Minnesota had not chosen to adopt a similar provision. Finally, the court responded to the dissenters in *Mueller*:

> "The most persuasive argument advanced in favor of applying the percentage of plaintiff's decedent's negligence against the maximum recovery permitted under our death by wrongful act statute rather than the damages awarded by the jury is that otherwise a case may arise where even though plaintiff's decedent's negligence was 49 percent responsible for the damages for which plaintiff seeks recovery he could still recover the full amount permitted under Minn. St. 573.02. It is true that such a situation may occur if the damages awarded are sufficiently large. The only answer to this argument is that *in many wrongful death cases the actual damages to the next of kin far exceed permissible recovery under our statute, and it is more equitable to permit recovery of the full amount permitted under our statute in such a case than to further reduce the amount which the next of kin may recover.* In any event, we think the number of such cases that will arise will be minimal, and if some other rule is to be adopted it should be done by the legislature." (emphasis supplied.) [4]

The Kansas wrongful death and comparative negligence statutes read in pertinent part:

> "K.S.A. § 60–1903. *Amount of Damages.* In any such action, the Court of jury may award such (wrongful death) damages as are found to be fair and just under all facts and circumstances, but the damages

cannot exceed in the aggregate the sum of fifty thousand dollars ($50,000.00) and costs." (As in effect in 1975.)

> "K.S.A. § 60–258a(a). The contributory negligence of any party in a civil action shall not bar such party or said party's legal representative from recovering *damages* for negligence resulting in death, personal injury or property damage, if such party's negligence was less than the negligence of the party or parties whom claims for recovery is made, but the *award of damages* to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party. If any such party is claiming damages for a decedent's wrongful death, the negligence of the decedent, if any, shall be imputed to such party." (emphasis supplied.)

> "K.S.A. § 60–258a(b). Where the *comparative negligence* of the parties in any such action is an issue, *the jury* shall return special verdicts, or in the absence of a jury, the court shall make special findings, determining the percentage of negligence attributable to each of the parties, and determining the *total amount of damages sustained* by each of the claimants, and the *entry of judgment* shall be made by the court. No general verdict shall be returned by the jury." (emphasis supplied.)

The only significant difference between the language of the Kansas Comparative Negligence Statute and that of Wisconsin and Minnesota, is that the Kansas statute speaks of "the award of damages," rather than "damages allowed," being diminished in proportion to the plaintiff's negligence. This language seems to track with the wrongful death statute which speaks of damages a "jury may award".

The defendant argues (1) that *Mueller* should not be followed since the Wisconsin Legislature amended the law to nullify the decision; and (2) that the *Olson* case is distinguishable since the Kansas statutes do

---

4. *Olson* is still good law in Minnesota. See *Hakala v. Megarry Bros.*, 244 N.W.2d 156 (Minn.Sup.Ct.1976).

not use the words "recovery" and "damages" precisely as used in the Minnesota statutes. Neither argument in our view is persuasive.

First, we agree with the view taken in *Olson*, that the amendment of the Wisconsin statute has little or no significance in light of the fact that Kansas did not choose to adopt a similar provision. Second, the phrase "award of damages" appears to be ambiguous, and we are not convinced that it requires a holding contrary to *Mueller* and *Olson*. As used in the two statutes, "award of damages" could arguably mean: (1) the amount of damages that plaintiff is actually entitled to recover; (2) the amount which the jury finds equal to the plaintiff's total actual sustained damages; or (3) the amount of plaintiff's total damages if not in excess of the wrongful death statutory limitation, and if in excess, the maximum amount recoverable under the wrongful death statute. Consequently, in our opinion, the use of the phrase "award of damages" does little more than restate the question.

■ A Kansas statute adopted from another state carries with it the construction placed upon it by courts of that state. *Woodring v. Hall*, 200 Kan. 597, 438 P.2d 135 (1968). While the Kansas comparative negligence statute was not adopted verbatim from Minnesota and Wisconsin, it is nonetheless similar. We would assume that the Kansas Legislature was aware of the construction placed upon those statutes by the Minnesota and Wisconsin Supreme Courts. Had the Kansas Legislature wished to avoid a result such as that reached in *Olson* and *Mueller* it would have been easy for it to enact a provision which would have clearly stated such an intention.

It is possible, as noted earlier, to conclude from reading K.S.A. § 60–1903 that the jury should be informed of the limitation and the "award of damages" can never exceed the $50,000 maximum. However, such a construction would seem to be in conflict with the plain language of K.S.A. § 60–258a(b), which directs that the jury determine the "total amount of damages

sustained." We note also that this same section contemplates only a *special* verdict by the jury with the actual amount of damages recoverable computed and judgment entered by the court.

■ The language in § 60–1903 was drafted and enacted long before the enactment of the comparative negligence statute, and it certainly did not contemplate the effect that comparative negligence could have upon a wrongful death case. In resolving a possible conflict between the two statutes, it seems logical to give greater weight to the more recent and more specific language of the comparative negligence statute.

■ Under the old law, the problem we are dealing with today could not arise, since the plaintiff was *barred* from recovery if her decedent was found to have been contributorily negligent *at all*. Therefore there was no reason for the jury not to be aware of the limitation on damages recoverable, since such awareness could in no event alter the outcome. Use of a special verdict would have been an unnecessary and cumbersome procedure where the court's only function would be to reduce any excessive award to $50,000. The comparative negligence statute, however, *requires* a special verdict as well as computation of total damages, and obviously whether the jury is informed of the statutory limitation may have an effect on the amount of damages recoverable. The special verdict is designed to have the jury answer specific questions of fact without knowledge of precisely how their answers will affect the outcome. See *Rohr v. Henderson*, 207 Kan. 123, 127, 483 P.2d 1089 (1971); *Collett v. Estate of Schnell*, 194 Kan. 75, 77, 397 P.2d 402 (1964).

■ We are of the opinion that plaintiff's position is more in accord with the purpose and spirit of the respective statutes involved. Such a holding in no way does violence to the wrongful death statute. The limitation in that statute is meant to preclude a jury from awarding an excessive

amount of damages out of sympathy to the decedent's family. As noted in *Olson*, actual damages to next of kin will often greatly exceed the statutory limitation. Thus, a statute such as the one in effect at the time this cause of action accrued can often cause a very harsh result, something the Kansas Legislature was no doubt aware of when it amended the wrongful death statute in 1975 to remove any limitation on recovery of damages for pecuniary loss. The decedent in this case, for example, was allegedly an able-bodied 21-year-old male with an earning potential (at the time of his death) in excess of $11,000 per year.

Accordingly, when the comparative negligence statute is called into play, we cannot say the wrongful death limitation was intended to be the measure of damages sustained. On the other hand, it clearly is a limitation on the amount of damages recoverable. Under all the circumstances we agree with the view expressed in *Olson*, that it is far more equitable to allow the plaintiff the opportunity to recover the statutory maximum than to further reduce her recovery. The injustice of allowing a plaintiff whose decedent was contributorily negligent to perhaps recover as much as a plaintiff whose decedent was not negligent seems slight, compared with the injustice of further reducing plaintiff's recovery, when her maximum recovery is already far less than her actual damages.

The court now rules that the jury will not be instructed about the limitation on plaintiff's recovery, and instead will be directed to determine the total damages sustained by plaintiff. If the jury finds such damages to be in excess of $50,000, and if the jury also finds the decedent to have been negligent in a specific percentage, plaintiff's total damages will be diminished in proportion to the degree of negligence. If the figure then arrived at is in excess of $50,000, plaintiff will be allowed to recover $50,000. If the figure arrived at is less than $50,000, that figure will be the amount of plaintiff's recovery.

IT IS SO ORDERED.