Sae Lor CHANG, Plaintiff-Appellant-Cross Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant-Respondent-Cross Appellant.

Supreme Court

*No. 92–1336. Oral argument November 9, 1993.—Decided
April 20, 1994.*

(Also reported in 514 N.W.2d 399.)

549

550

552

For the plaintiff-appellant-cross respondent there were briefs by *Richard L. Binder* and *Rohde, Dales, Melzer, TeWinkle & Gass,* Sheboygan and oral argument by *Richard L. Binder.*

For the defendant-respondent-cross appellant there were briefs by *James O. Conway, Patricia A. Chucka* and *Olsen, Kloet, Gunderson & Conway,* Sheboygan, and oral argument by *James O. Conway.*

DAY, J. This is an appeal by the plaintiff and cross appeal by the defendant from a declaratory judgment of the circuit court for Sheboygan County, the Honorable L. Edward Stengel, Judge. This appeal and cross appeal are submitted on a joint stipulation entitled, "Agreed Statement in lieu of a Record," as authorized under sec. (Rule) 809.15(5), Stats. The case

comes before this court on certification from the court of appeals pursuant to sec. (Rule) 809.61, Stats.

Two questions were certified:

(1)    In a wrongful death action brought by an innocent nontortfeasor spouse for the loss of a marital child in an accident caused solely by the negligence of the other spouse, is the recovery of the innocent spouse subject to reduction from the statutory maximum?

(2)    If the recovery of the innocent nontortfeasor spouse is reduced from the statutory maximum, then is the reduction automatically one-half, or must an allocation of damages be applied to the statutory maximum?

The circuit court was requested to declare the rights of the parties under the Wisconsin wrongful death statute when a married couple loses their natural, marital child in a single car accident caused by the negligence of one of the spouses.[1] The parties agreed that the negligence of a parent in the death of a child

---

[1] The following 1989–1990 statute sections are at issue on this appeal:

**895.04  Plaintiff in wrongful death action. (1)** An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs. . .

(4)  Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed $50,000 for loss of society and companionship may be awarded to the spouse, children or parents of the deceased. . .

(7)  Damages found by a jury in excess of the maximum amount specified in sub. (4) shall be reduced by the court to such maximum. The aggregate of the damages covered by subs. (4) and (5) shall be diminished under s. 895.045 if the deceased or person entitled to recover is found negligent.

555

would either reduce or bar that parent's potential award under the wrongful death statute according to the operation of sections 895.04(7) and 895.045, Stats. At issue was whether the non-negligent parent's recovery should also be reduced.

The circuit court concluded that even the non-negligent spouse's recovery would be subject to reduction from the statutory maximum set out in sec. 895.04(4), Stats. Appeal and cross appeal were taken and the court of appeals certified the matter to this court to clarify the operation of the statute and to resolve an alleged conflict in the caselaw. This court accepted certification and we modify the judgment and as modified affirm the circuit court and remand with instructions.

We conclude that the recovery of the non-negligent spouse is *not* subject to reduction. Only the negligent spouse's recovery is reduced under sections 895.04(7) and 895.045, Stats. Accordingly, Sae Lor Chang, the non-negligent spouse and mother of the deceased child, will be permitted to recover all of her damages up to the

---

**895.045 Contributory Negligence.** Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering.

The cited portions of the above sections of the 1989–1990 statutes are identical to their 1991–1992 counterparts, excepting only the maximum statutory limit of recovery for loss of society and companionship in sec. 895.04(4), Stats., which has since been raised from $50,000 to $150,000 by 1991 Wisconsin Act 308.

statutory limit.[2] Since her damages were stipulated to be "the maximum damages allowed to her under Wisconsin's Wrongful Death Statute in effect at the time of the accident for loss of society and companionship of her son," she will be allowed to recover the full $50,000 without reduction.[3] Accordingly, that part of the circuit court's ruling reducing the non-negligent spouse's recovery to $25,000 is modified to allow recovery of $50,000.

As to what remains of the second certified question, we agree with the trial court that there is no automatic, equal apportionment dictated under the statute. The circuit court determined that the allocation of damages between the spouses was *not* to be divided automatically into equal parts, but rather should be based upon a specific finding of actual damages for each of the two spouses. We agree. Recovery under the wrongful death statute is for actual damages. Damages may be stipulated, as in this case, or damages may be awarded jointly to a class of beneficiaries if so requested and agreed, but since recovery is for actual damages, every individual beneficiary has the right to prove and collect upon his or her individual loss up to the statutory maximum.[4] If the aggregated damages for the beneficiaries equals or exceeds the statutory maximum set in sec. 895.04(4), Stats., the

---

[2] The statutory limit which applies in this case is $50,000, in sec. 895.04(4), Stats., (1989–1990). Under the present statute, sec. 895.04(4), Stats., (1991–1992), the limit has been raised to $150,000.

[3] This stipulation is contained in the "Agreed Statement in lieu of a Record."

[4] Likewise, a defendant is entitled to require that each and every class member seeking recovery prove his or her actual and individualized damages.

recovery of the individual beneficiaries is that amount of the statutory maximum proportionate to his or her share of the total aggregated damages.

The facts in this case were stipulated. Sae Lor Chang is the mother of Pheng Chang and spouse of Vang Chang. Vang Chang is Pheng Chang's natural father. On December 22, 1990, in Sheboygan County, Wisconsin, the child, Pheng Chang, was a passenger in the father's automobile when the father lost control of the vehicle resulting in the accident in which the child was killed. The father was solely negligent and his negligence substantially caused the accident and death of the son. The mother, Sae Lor Chang, commenced a wrongful death action against State Farm Automobile Insurance Company (State Farm), her husband's insurer. The parties have stipulated that the mother's damages for the loss of society and companionship are "the maximum damages allowed to her under Wisconsin's Wrongful Death Statute in effect at the time of the accident for loss of society and companionship of her son." At that time the limit was $50,000.

The parties also stipulated to a summary of their respective positions. According to the "Agreed Statement in lieu of a Record," State Farm's position is as follows:

> State Farm contends that Sae Lor Chang's claim is diminished because her husband was the tortfeasor, and therefore her maximum claim for loss of society and companionship is one-half the maximum allowed under the Wrongful Death Statute. ($25,000.00)

State Farm's argument is: (1) recovery under the wrongful death statute is vested in specific classes of beneficiaries (here, two parents); (2) there is an auto-

matic, equal division of damages among the class members, e.g., one-half of the damages belongs to each of the two parent class members; (3) the damage award to the class must be diminished for the contributory negligence of any member of the beneficiary class, per sec. 895.04(7), Stats.; and, (4) this reduction must be subtracted directly from the statutory maximum of damages under sec. 895.04(4), Stats.

Applying this to the present case, State Farm argues that the maximum award vested in the two parents; that each parent was entitled up to $25,000 of the then maximum of $50,000 because of the automatic, equal division of damages; that the father's share must be barred or diminished to zero pursuant to sections 895.04(7) and 895.045, Stats.; and, that therefore the mother is entitled to recover only the remaining $25,000.

The mother's argument is as follows:

Sae Lor Chang contends that she is entitled to the maximum amount allowable under the Wrongful Death Statute for loss of society and companionship ($50,000.00) without reduction for her husband's negligence.

We agree with the mother.[5]

---

[5] The mother, Sae Lor Chang, also sets forth an alternative argument in the "Agreed Statement": "In the alternative, Sae Lor Chang contends that even if there is a reduction of the total recovery because of her husband's negligence, she is still entitled to prove up her individual loss of society and companionship claim to the maximum extent allowed by the statute. ($50,000.00)." We conclude that there is no reduction, but we agree that she would be allowed to prove up her individual loss of society and companionship claim to the maximum extent allowed by the statute, in the absence of the stipulation

559

■

This case involves the interpretation of a statute and the application of that statute to a set of undisputed facts. The application of law or a statute to a set of undisputed facts is resolved as a matter of law. *See, Ball v. District No. 4 Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984). This court decides questions of law independently without deference to the trial or appellate court.

■

A cause of action for wrongful death is purely statutory. No right to such a recovery was recognized at common law. *Weiss v. Regent Properties, Ltd.,* 118 Wis. 2d 225, 230, 346 N.W.2d 766 (1984). As the right is created by statute, the right to recover damages for wrongful death and the terms of the recovery are confined to what is specified in the statute. The right to bring a wrongful death action is limited to those parties designated in the statute, *Weiss,* 118 Wis. 2d at 230, and the right to recover damages is limited to members of those groups, or classes, of beneficiaries listed in the statute. *See, Arendt v. Kratz,* 258 Wis. 437, 441, 46 N.W.2d 219 (1951); *Nichols v. United States Fidelity & Guaranty Co.,* 13 Wis. 2d 491, 497, 109 N.W.2d 131 (1961); and *Cogger v. Trudell,* 35 Wis. 2d 350, 355–356, 151 N.W.2d 146 (1967); *Steinbarth v. Johannes,* 144 Wis. 2d 159, 163–164, 423 N.W.2d 540 (1988). Finally, the total amount of recovery allowable is limited to the amount specified in the statute.

■

Recovery under the wrongful death statute is keyed to actual loss. The purpose of the wrongful death statute is "to compensate for the loss of the relational

that she is entitled to the "maximum damages allowed to her" under the statute at the time.

560

interest existing between the beneficiaries and the deceased." *Wurtzinger v. Jacobs,* 33 Wis. 2d 703, 709–710, 148 N.W.2d 86 (1967); *Weiss,* 118 Wis. 2d at 230; *Steinbarth,* 144 Wis. 2d at 169. These damages are not automatically recoverable; the beneficiaries must prove their loss. *See, Peot v. Ferraro,* 83 Wis. 2d 727, 746, 266 N.W.2d 586 (1978). Neither the existence of damages, nor the amount, nor the allocation among the beneficiaries is predetermined. The amount of damages is a question of fact and is left to the discretion of the factfinder. *Mertens v. Lundquist,* 15 Wis. 2d 540, 545, 113 N.W.2d 149 (1962). The jury is informed of the statutory maximum, but is instructed to award the amount which will fairly and adequately compensate the damaged parties.[6]

State Farm argues that recovery under the wrongful death statute is vested in specific classes of beneficiaries. This statement is only partially correct. The right to sue and recover damages under the wrongful death statute must be distinguished from the ownership and allocation of the recovery itself. *See, Nichols,* 13 Wis. 2d at 497. The right to sue and recover under the wrongful death statute is vested in the classes of beneficiaries listed in the statute. However, the existence of damages and ownership of the recovery depend upon proof of loss. Whether any of the individual beneficiaries in a given class has suffered any

---

[6] WIS J.I.—CIVIL, sec. 1895 (1990) and (1992) state: The law provides that a party cannot recover more than $50,000 for loss of a child's society and companionship. This dollar limit is not, however, a measure of damage but only a limit above which recovery cannot be had. You should, therefore, determine the amount which will fairly and adequately compensate the plaintiffs for any loss they have suffered.

actual damages, what the amount of any such damages might be, and what the allocation of damages among the beneficiaries should be, are questions which require specific and individualized proof. As this court stated in *Truesdill v. Roach,* 11 Wis. 2d 492, 496, 105 N.W.2d 871 (1960), "[a] cause of action may be vested in several persons and their recovery on the cause of action may vary according to the particular damage to the individual members of the class."

Accordingly, we disagree with State Farm's argument that there must be an automatic, equal division of damages or recovery among the class members. There is nothing in the statute which specifies any particular division among class members, and certainly nothing dictating an automatic, equal division of damage awards or recovery among class members.

■

The factfinder may be asked to award damages on a pro rata basis or it may be asked to award damages jointly to a class. Likewise, a court may presume a pro rata division if no individualized findings of damages are requested or given for the members of a class. However, there is nothing in the statute which prevents any given member of the beneficiary class from proving his or her individual damages, and there is nothing to prevent those damages from being different in kind or amount than those of other beneficiaries. By their nature, wrongful death damages are likely to be very personalized losses, and the proof of such damages will likely depend upon a number of different and individualized variables. There is no reason to preclude such individualized proof, and, in fact, this court has said that the amount of damages may well vary among the beneficiaries within a given class. *See, Truesdill,* 11

562

Wis. 2d at 496; *see also, Cameron v. Union Automobile Ins. Co.,* 210 Wis. 659, 668, 246 N.W. 420 (1933).

State Farm also argues that the damage award to the class must be diminished for the contributory negligence of any member of the beneficiary class, per sections 895.04(7) and 895.045, Stats., and, that this reduction must be subtracted directly from the statutory limit of damages under sec. 895.04(4), Stats. We disagree.

If a party-beneficiary is contributorily negligent for the decedent's death, that party-beneficiary's recovery will be barred or reduced pursuant to sections 895.04(7) and 895.045, Stats. If the party-beneficiary's negligence is greater than the negligence of the person against whom recovery is sought, the party-beneficiary is barred from recovering damages. If the party-beneficiary's negligence was not greater than the negligence of the person against whom recovery is sought, however, recovery will not be barred, "but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person recovering." Section 895.045, Stats. In this case, no one disputes that the father's recovery would be barred, or reduced to zero, because he was solely negligent in the accident which caused the child's death. The question, however, is whether the mother's recovery should somehow be reduced because of her husband's negligence.

We conclude that the non-negligent parent is entitled to recover actual damages for loss of society and companionship up to the maximum allowed by the statute, without reduction. There are no provisions in the statute for reducing a non-negligent beneficiary's recovery. Nor are there any provisions for reducing the

563

award of the class of beneficiaries because of the negligence of one of its members.[7] Nor will we impute the negligence of the father to the mother in these circumstances. *See, Reiter v. Dyken,* 95 Wis. 2d 461, 467, 290 N.W.2d 510 (1980). Therefore, we will not reduce the award(s) to the non-negligent member(s) of the class because of the negligence of one of the beneficiaries.

State Farm cites *Truesdill* in an attempt to extract a rule about diminishing the recovery of one beneficiary because of another beneficiary's negligence. State Farm quotes the following passage from that case: "It does not logically follow that because the recovery by one of a class of beneficiaries designated in the wrongful death statute is diminished or defeated, that each member of the class has a separate and distinct cause of action or their interests are not united." *Truesdill,* 11 Wis. 2d at 495–496. However, this passage is taken out of context. *Truesdill* was concerned with joinder and necessary parties. Moreover, State Farm has again neglected to distinguish between the right to sue and recover, which is vested in a class, and the right to a recovery itself, which depends upon proof of actual loss. In fact, the very next sentence in *Truesdill,* following the quoted passage above, makes precisely such a distinction: "A cause of action may be vested in several persons and their recovery on the cause of action may vary according to the particular damage to the individual members of the class." *Truesdill,* 11 Wis. 2d at 496.

---

[7]*Hansberry v. Dunn,* 230 Wis. 626, 638, 284 N.W. 556 (1939), a case which State Farm cites in support of its argument in another context, is clear on this point. The court said: It is asserted that the negligence of one statutory beneficiary affects all, and that therefore the full recovery is subject to being diminished. We think this is not the law of Wisconsin.

State Farm next argues that the statutory maximum is the most that a given class of beneficiaries may recover, that the reductions for the father's negligence must be subtracted from the statutory maximum, and, therefore, the mother's recovery must be less than the statutory maximum. Again, we disagree.

State Farm is correct that the recovery across a class of beneficiaries is limited to the statutory maximum listed in sec. 895.04(4), Stats. *See, Fox v. Pettis,* 16 Wis. 2d 397, 402, 114 N.W.2d 836 (1962), *York v. National Continental Ins. Co.,* 158 Wis. 2d 486, 496–498, 463 N.W.2d 364 (Ct. App. 1990). This only means, however, that for any given wrongful death action, the defendant must pay only up to the statutory maximum, assuming an amount of damages equal to or greater than the statutory maximum has been proven. However, it does not mean that recovery of the statutory maximum may never be had if one of the beneficiaries in a class is contributorily negligent.

The statutory maximum is not a measure of damages, nor a limit upon the amount of damage which may be awarded by the jury; rather it is a limit only on recovery. *See, Peot v. Ferraro,* 83 Wis. 2d 727, 746, 266 N.W.2d 586 (1978), *Cameron,* 210 Wis. at 668. The jury is instructed to award whatever it finds is appropriate, either more or less than the statutory maximum, but the beneficiary, or beneficiaries together, may recover only up to the statutory limit. *See,* WIS JI—CIVIL, 1895.

Section 895.04(7), Stats., specifies that the "aggregate of the damages" shall be diminished under sec. 895.045, Stats. The "aggregate of the damages" here

565

means the sum of all damages awarded to the beneficiaries in the class. This sum is reduced only to the extent, and in the amount, that there are reductions under sec. 895.045, against the damages awarded to contributorily negligent beneficiaries. Thus the "aggregate of the damages" of the two spouses is reduced because the negligent parent's reduced damages are included in the aggregation under sec. 895.04(7), Stats. However, the non-negligent spouse's portion of those aggregated damages is not reduced. Reductions for the contributory negligence of a given beneficiary are subtracted from the amount of actual damages suffered by that beneficiary, not from the statutory maximum. *See, Mueller v. Silver Fleet Trucking Co.,* 254 Wis. 458, 467–469, 37 N.W.2d 66 (1949).

Again, the wrongful death statute is keyed to actual damages. A party-beneficiary is entitled to prove actual damages in any amount. Only total recovery of a class is limited by the statutory maximum. Accordingly, it follows that a party-beneficiary may prove damages in excess of the statutory maximum, suffer a reduction in those damages for contributory negligence pursuant to sections 895.04(7) and 895.045, Stats., and still be entitled to collect up to the statutory maximum, assuming that damages equal to or greater than the statutory maximum remain after reductions have been made for his or her contributory negligence. This issue was not presented to the court in *Rineck v. Johnson,* 155 Wis. 2d 659, 456 N.W.2d 336 (1990). The *Rineck* opinion construed sec. 893.55, Stats., for medical malpractice actions. The language in *Rineck,* at 667–668, which suggests that under sec. 895.04(7), reduction of noneconomic damages to the statutory limit precedes reduction for comparative fault, is withdrawn.

State Farm next turns to the caselaw. State Farm argues that a rule about automatic, equal division of damages among members of a class of beneficiaries and a rule about subtracting the reductions for contributory negligence directly from the statutory maximum were developed in the caselaw. State Farm relies upon the case of *Hansberry v. Dunn,* 230 Wi. 626, 284 N.W. 556 (1939).

In *Hansberry* a father and mother (Mr. and Mrs. Hansberry) brought a wrongful death action against the driver of another car which collided with the car Mrs. Hansberry was driving, killing the Hansberry's child. The Hansberry's were awarded damages because the tortfeasor was found fifty-five percent negligent, but the damages were reduced because Mrs. Hansberry was found forty-five percent negligent. The court in *Hansberry* divided the damage award of $2,500 equally between the two parents and deducted forty-five percent from Mrs. Hansberry's half of the recovery to account for her percentage of the negligence. The final figure of the awards was $1,250 for Mr. Hansberry and $1,250 diminished by forty-five percent for Mrs. Hansberry. The statutory maximum for recovery for loss of society and companionship was then set at $2,500. Chapter 263, Laws of 1931.

Based on this interpretation of *Hansberry,* State Farm argues that the recovery for the mother and her husband must be limited to the statutory maximum of $50,000; that this award must be divided equally; and that because of the sole negligence of the father, his portion of the award must be diminished to zero, leaving only $25,000 remaining for his wife.

The mother counters by citing a more recent court of appeals case, *Keithley v. Keithley,* 95 Wis. 2d 136, 289 N.W.2d 368 (Ct. App. 1979). *Keithley* involved the

distribution of damages for the wrongful death of a child of divorced parents. The father, who had never lived with the child, and who failed to show any damages, nevertheless argued that he should receive fifty percent of the wrongful death damage award because wrongful death actions are conferred upon a class of persons and therefore must be divided equally between the beneficiaries. The father cited *Hansberry,* just as State Farm does here. The court of appeals, however, rejected the argument and refused to apply any automatic, equal division of wrongful death damages. *Keithley,* 95 Wis. 2d at 137–138. It held that the wrongful death settlement should be divided based upon the actual loss suffered by each parent when there is a dispute as to the division of the award. Since the father could prove no damages, the jury verdict entitling the mother to 100 percent of the settlement was affirmed. The court of appeals distinguished the *Hansberry* line of cases in that none of those cases involved any dispute between the parents as to the division of the award. *Keithley,* 95 Wis. 2d at 138, 140.

Confronted with this apparent conflict between *Keithley* and *Hansberry* in the present case, the court of appeals requested certification. This court accepted certification to clarify the operation of the statute and to resolve the alleged conflict in the caselaw. We conclude that there is no conflict between the cases.

At first glance the result in *Hansberry* may appear to support the interpretation advocated by State Farm. However, upon closer examination, it becomes clear that State Farm's reliance upon that case is misplaced. *Hansberry* does not purport to create any "rule" of automatic, equal division of damages among the beneficiaries of a given class under the wrongful death

statute. Nor does it purport to create any "rule" that a reduction for the contributory negligence of a beneficiary-plaintiff must be deducted from the statutory maximum. The result in *Hansberry* does not require such rules and is, in fact, only superficially consistent with State Farm's interpretation.

The reason the award was divided equally between the two parents in *Hansberry* was not because of some independent "rule," but rather because the damages were awarded *jointly* to the two parents. The special verdict in *Hansberry* read as follows:

> At what sum do you assess the damages of the plaintiffs, William Hansberry and Anna Hansberry, his wife, arising from the death of their daughter Marilyn for loss of her society and companionship? *Cases and Briefs,* Vol. 2123, 230 Wis. 626–683, *Hansberry v. Dunn,* Case No. 36, January Term, 1939, (Case, p. 21, p. 44 of Record) (State Law Library, Madison, Wisconsin).

The judge specifically remarked in his decision on motions after verdict that the award of $2,500 for loss of society and companionship was given "jointly" to Mr. and Mrs. Hansberry. *Cases and Briefs,* Vol. 2123, 230 Wis. 626–683, *Hansberry v. Dunn,* Case No. 33, January Term, 1939, (Case, p. 38, p. 77 of Record). Thus, the damage award was divided equally because it was ·awarded equally, not because of any independent "rule."

The court in *Hansberry* did cite *Munsert v. Farmers Mut. Automobile Ins. Co.,* 229 Wis. 581, 281 N.W. 671 (1939) to support its conclusion that an equal division of damages was appropriate. However, we read *Munsert* as merely supplying a basis for saying that a joint award may be divided equally among the mem-

569

bers of the beneficiary class. We do not read *Munsert* as supplying any independent rule of automatic, equal division of damage awards in wrongful death cases. Nor do the facts of *Munsert* suggest such a rule. In *Munsert* it was the "Special Administrator" who brought the action on behalf of both parents together, without specification of any particular division between them. With no specification as to the allocation of the damage award, the court simply resorted to an equal division. We read this as saying, essentially, that when damages are awarded to two or more people jointly or as a class, and there is no differentiation as to the division of those damages, then, assuming no proper objections or motions to the contrary, a court may divide the award equally. *Munsert* does not extend beyond this, and this is how we conclude its citation in *Hansberry* is to be understood.

The same factual situation is found in other cases which have been cited for the supposed "rule" of automatic and equal division. For instance, *Straub v. Schadeberg,* 243 Wis. 257, 10 N.W.2d 146 (1943) has been cited as implying a rule of automatic, equal division of wrongful death damages. *See, Keithley,* 95 Wis. 2d at 137. In *Straub,* however, as in *Hansberry,* the court was not creating some independent rule of automatic, equal damage division, but was dividing in half damages awarded jointly to two parent-plaintiffs. The father and mother were joint plaintiffs and the verdict awarded damages to them jointly. *Straub,* 243 Wis. at 258–259.

Nor does *Hansberry* stand for the proposition that the reduction for the negligence of one spouse must be subtracted from the statutory maximum. Again, the result in the case is only superficially consistent with State Farm's argument. The reason that the Hansber-

rys' recovery was limited to $2,500 is because the jury awarded exactly that amount, owing to the fact that the Hansberrys limited their prayer for that amount and because the jury was instructed that this was the limit of recovery.[8] Thus the fact that the reduction for Mrs. Hansberry's negligence was taken from the $2,500 supports only the obvious conclusion that the reduction must be taken from the damage award, not that it must come from the statutory maximum.[9] The court in *Hansberry* did not purport to create any contrary rule; rather it specifically rejected the argument that "the negligence of one statutory beneficiary affects all, and that therefore the full recovery is subject to being diminished." *Hansberry,* 230 Wis. at 638. This, the court said, is not the law in Wisconsin. *Id.*

An analogous situation in the present case would have been created had both the mother and the father

---

[8] *Cases and Briefs,* Vol. 2123, 230 Wis. 626–683, *Hansberry v. Dunn,* Case No. 36, January Term, 1939, (Case, pp. 5–6, pp. 8–9 of Record). At the time of *Hansberry,* the mention of the limit of recovery in jury instructions was not allowed, but giving such instructions did not "necessarily" require reversal. *Schulz v. General Casualty Co.,* 233 Wis. 118, 127, 288 N.W. 803 (1939). In *Hansberry,* however, the plaintiffs prayed for the statutory limit and apparently welcomed the instruction. Since that time, instructing the jury as to the statutory maximum was accepted after the decision in *Peot,* 83 Wis. 2d at 746–747, which explicitly overruled any inconsistent language in *Schulz.*

[9] In fact, the record in that case shows that the defendant and the plaintiffs agreed that the award was to be divided jointly, i.e., $1,250.00 to each parent, and the plaintiffs agreed that Mrs. Hansberry's portion of the award, namely, $1,250.00, must then be reduced by forty-five percent, the extent of her negligence. *Cases and Briefs,* Vol. 2123, 230 Wis. 626–683, *Hansberry v. Dunn,* Case Nos. 33–34–35–36, January Term, 1939, (Brief of Plaintiffs and Respondents, p. 75).

been awarded a joint limit of exactly $50,000. Had such an equal division been accepted, then the mother would have been entitled to only $25,000, or half of the joint award. Instead, however, it was stipulated that the mother was individually entitled to the "maximum damages allowed." Since the maximum allowable under the statute was then $50,000, she is entitled to $50,000 as if she had proven damages of that amount or more.

The apparent conflict between the cases is thus resolved. Both decisions are ultimately based upon actual damages. In *Hansberry* the award was divided equally because the jury awarded the damages jointly. In *Keithley* the jury did not find equal damages and the jury's allocation of actual damages was respected. In this context we emphasize that the logic of *Keithley* is not to be limited to situations of divorce or even of disputes between beneficiaries. The two decisions stand for the more fundamental principle that recovery and division of recovery must reflect actual damages. Each member of the class of beneficiaries has the right to sue and to recover for his or her actual loss, whether there be a dispute or not.

■■■■

State Farm next seeks support for its view from the *Restatement (Second) of Torts,* (1965). State Farm refers this court to section 493, "Beneficiary Under a Death Statute," which it describes as the "Restatement of Torts Model." That section, however, is no "model" statute, but instead merely describes the different types of wrongful death statutes commonly created. The general rule expressed in the *Restatement* is that, "[u]nless otherwise provided by statute, the contributory negligence of one beneficiary under a death statute does not bar recovery for the benefit of any

other beneficiary." Beyond that, however, section 493(2) specifically notes that exactly how the contributory negligence of a beneficiary affects recovery "depends upon the statute." State Farm presents no evidence that the legislature intended itself to be bound by any particular description offered in the *Restatement.*

Lastly, State Farm makes generalized policy arguments in favor of its position. State Farm argues that anything but an automatic, equal division will force bereaved families to prove individualized damages, pitting family members against one another as each is forced to prove his or her special relationship with the deceased in the competition for the limited damage award dollars. This concern, however, is misplaced. There is nothing in our holding to prevent the beneficiaries and the insurers involved from settling damages as they see fit. Nor is there anything in this holding which would prevent the beneficiaries from requesting a specific formula for allocating the damages. Damages may be allocated individually or on a pro rata basis, or may be stipulated, either on an individual basis or jointly for the class. There is no requirement of any specific method of proof or allocation of damages, only that there be proof and that the allocation follow proof of damages.

The final issue raised in the second question certified, and addressed in the trial court's discussion, concerns the method of allocating damages recoverable up to the statutory maximum among the members of a class of beneficiaries. As noted above, if there are no specific damage findings for individual members of the class, or if the damages are awarded jointly to a given class, damages may be presumed to be equal. Each

beneficiary would thus receive an equal proportion of the amount available, up to the statutory maximum. Assuming a joint award equal to or greater than the statutory limit, each beneficiary would be entitled to an equal proportion of the statutory maximum.

When there is a specific finding of different damages for the individual members of the class, the members of the class should recover in proportion to the damages each has proven. If the aggregated damages equals or exceeds the statutory maximum, then each member of the class should receive that percentage of the statutory maximum corresponding to the proportion of his or her individual damages to the total, aggregated damages. Should there be a reduction for contributory negligence of any of the members of the beneficiary class, the individuals should still recover in proportion to the damages that are still outstanding after the reduction is made. And, if the aggregated damages for the class is still equal to or greater than the statutory maximum after any reductions for contributory negligence, then the entire statutory maximum would be available. Each beneficiary would collect that percentage of the statutory maximum corresponding to the proportion of his or her individual damages to the total, aggregated damages.

To illustrate, we will modify a hypothetical employed by the trial court in explaining its ruling. The trial court posited that a non-negligent spouse had proven damages of $75,000, while the negligent spouse had proven damages of only $25,000. It was then assumed that the negligent spouse was solely negligent and was thus barred from recovery. The question, then, was whether the non-negligent spouse would collect up to the statutory limit or collect only seventy-five per-

cent of that limit. The trial court, which otherwise analyzed the situation correctly, mistakenly concluded that the non-negligent spouse was limited to only seventy-five percent of the statutory maximum. We conclude, however, that if the negligent spouse's recovery were barred due to contributory negligence, the non-negligent spouse would still be entitled to collect upon the $75,000 actual damages, but would be limited to the statutory maximum of $50,000 (assuming the limits operative in 1990).

If we assume, however, that the negligent spouse's damages were $25,000 *after* the proper reductions for contributory negligence (i.e., the negligent spouse's recovery was not barred), then each spouse would be entitled to recover in proportion to his or her outstanding actual damages. The aggregated damages would thus be $100,000, of which the non-negligent spouse would be entitled to seventy-five percent and the negligent spouse twenty-five percent. In this scenario the non-negligent spouse would be entitled to recover her proportion of the statutory maximum, namely, seventy-five percent of $50,000, while the negligent spouse would be entitled to twenty-five percent of the $50,000. Together the two spouses would recover the full $50,000 because actual damages exceed $50,000. In no case would a beneficiary be allowed to receive more than his or her proven damages.

In his concurrence, Justice Steinmetz claims that "[t]he majority has ignored both the plain meaning of sec. 895.04(7), Stats., and this court's proper interpretation of that statute in *Rineck v. Johnson,* 155 Wis. 2d 659, 667–668, 456 N.W.2d 336 (1990)." We disagree. The language and statutory history of sec. 895.04(7), support the majority interpretation. The issue of damage reduction computation under the wrongful death

statute was not presented to the court in *Rineck.* Neither this court nor the parties in *Rineck* cited any binding authority concerning damage reduction computation under the wrongful death statute, and State Farm did not even cite *Rineck* as being on point in this action.

The single reference in *Rineck* on damage reduction computation under the wrongful death statute was to an article entitled, *A Summary of the New Statutes Governing Medical Malpractice,* by D. Saichek, appearing in the Wisconsin Bar Bulletin, October 1986. The article concerned the new medical malpractice statutes, not the wrongful death statute. The only citation offered in the article about computation under the wrongful death statute was a federal district court case from 1977 in Kansas, *Benton v. Union Pac. R. Co.,* 430 F. Supp. 1380, 1383 (1977). The federal district court in that case, construing Kansas' wrongful death statute, ventured to discuss the statutes in foreign jurisdictions, including Wisconsin. The district court in *Benton* stated that Wisconsin case law had interpreted the reduction provisions in wrongful death statutes just as we have in the present opinion, but that this approach had been altered in Wisconsin after legislative amendment in 1949.

The district court began its analysis correctly by observing that in *Mueller,* 254 Wis. 2d at 467–469, the Wisconsin Supreme Court was confronted with the issue of how to compute the reductions for contributory negligence under the wrongful death statute and held that the statutory limit under the wrongful death statute places a limit upon recovery. According to *Mueller,* reductions for contributory negligence were deducted from damages, not from recovery. *Id.*

576

The federal court in *Benton,* however, then went on to suggest that the Wisconsin legislature had reversed *Mueller.* The district court based this conclusion on the fact that the Wisconsin legislature amended the wrongful death statute in 1949, the same year the *Mueller* decision was announced. The district court concluded that the addition of the phrase "[t]he aggregate of such maximum amounts" meant that the reduction should come after the damage award had been reduced to the recovery limit under the statute.

This analysis, in our opinion, was in error. First, no Wisconsin cases or authorities were cited in *Benton.* *Mueller* represented the authoritative interpretation of the wrongful death statute in Wisconsin, cited many Wisconsin cases for its support, and has never been overturned or even modified by subsequent cases by this or any other Wisconsin court on this point.

Second, the 1949 revision in the statute was a general overhaul of the statute. *See, The Development of Wisconsin's Wrongful Death Statute—1900 to Present,* Wisconsin Legislative Council, Staff Brief 71–13, June 4, 1970. There is no suggestion in the drafting record that the 1949 revision was a targeted reversal of *Mueller*. There are no Wisconsin cases which have suggested that it was.

Even if we assume that the 1949 Wisconsin legislature had desired that the reduction for contributory negligence should come from the statutory cap, the subsequent legislative history compels us to conclude that the legislature returned to the previous, and majority, method of computation with subsequent amendments. In particular, the statute was amended in 1971 by Chapter 59 of the Laws of 1971. The phrase "[t]he aggregate of such maximum amounts," the language featured in the 1949 amendment, was struck

from the statute and was replaced with "[t]he aggregate of the damages."

The 1971 changes came in a package of proposals drafted by the Legislative Council whose express purpose was to loosen the limits on recovery in contributory negligence situations. The wrongful death statute amendment was accompanied by companion legislation aimed at changing the comparative negligence statute so that those persons fifty percent or less contributorily negligent may recover damages. *Wisconsin Legislative Council: Report and Digest of Council Bills 1971–73,* Vol. 1, p. 107. In discussing the effects on the wrongful death statute, the Legislative Council explained that, "only a handful of states still retain wrongful death limits and the trend in recent years has been the elimination of these *recovery* limitations. . . Thus, the [wrongful death statute] draft would eliminate all maximum dollar amounts on recovery for wrongful death except for the $5,000 limitation on *recovery* for loss of society and companionship." (emphasis supplied). *Id.,* p. 108. Shortly thereafter this court reaffirmed in *Peot,* 83 Wis. 2d at 746, that the statutory limitations in the wrongful death statute were not limitations on damages, but rather were only limits on recovery. It is this practice which has been followed ever since, as reflected in WIS JI—Civil, 1895.

The final comment made in the concurrence that the issue of allocation of damages and recovery is not before the court is inconsistent with the grant of certification. The question of how to allocate damages and recovery was central to the circuit court's holding and was briefed by the parties.

That part of the circuit court's ruling limiting the non-negligent spouse's recovery to $25,000 is modified to increase recovery to $50,000. The cause is remanded

to the circuit court to enter judgment for the mother, Sae Lor Chang, in the amount of $50,000 and for other costs and damages as stipulated in the "Agreed Statement in lieu of a Record."

*By the Court.*—The judgment of the circuit court is modified, and as modified affirmed.

STEINMETZ, J. *(concurring).* The majority has ignored both the plain meaning of sec. 895.04(7), Stats., and this court's proper interpretation of that statute in *Rineck v. Johnson,* 155 Wis. 2d 659, 667–68, 456 N.W.2d 336 (1990). Nonetheless, based on the facts in this case, the majority has reached the correct conclusion. Hence, I concur with the opinion of the majority.

Section 895.04(7) provides as follows:

> Damages found by a jury in excess of the maximum amount specified in sub. (4) shall be reduced by the court to such maximum. The aggregate of the damages covered by subs. (4) and (5) shall be diminished under s. 895.045 if the deceased or person entitled to recover is found negligent.

This statute clearly mandates a specific procedure for courts to follow in wrongful death cases. First, if the jury award for loss of society and companionship exceeds the damage cap provided under sec. 895.04(4), Stats., a court must reduce the award to this statutory maximum. Then, if the party recovering these damages was contributorily negligent, the court must further reduce the award pursuant to sec. 895.045, Stats., the contributory negligence statute. This court properly interpreted sec. 895.04(7) as mandating this procedure in *Rineck,* 155 Wis. 2d at 667–68: "Under sec. 895.04(7), reduction of noneconomic damages to the statutory limit *precedes* reduction for comparative

fault." (Emphasis added.) We went on, in *Rineck,* to provide an example where the results differ if a court applies the two reductions in the opposite order.

The majority has ignored the language of the statute and our analysis in *Rineck* and held that courts should apply the two reductions in the opposite order. According to the majority, a court should first reduce a jury award due to the claimant's contributory negligence pursuant to sec. 895.045, Stats. Only then, the majority holds, should a court apply the damage cap in sec. 895.04(4), Stats. The majority has switched the order mandated by sec. 895.04(7), Stats., under the guise of merely withdrawing the relevant language from *Rineck.* Withdrawing language from *Rineck* does not change the plain meaning of the statute. The majority offers no compelling reason to change this court's earlier, correct interpretation of sec. 895.04(7).

However, in this case, both the majority's interpretation and the interpretation mandated by the plain meaning of the statute—as expressed in *Rineck*—produce the same result. According to the majority, both the mother, Sae Lor Chang, and the father, Vang Chang, are in the class of possible beneficiaries under sec. 895.04(4), Stats. Applying the contributory negligence statute first, as the majority suggests, a court would hold that Vang Chang's claim is barred by sec. 895.045, Stats. Because Sae Lor Chang was not negligent, her claim would not be reduced at all in this first step. By stipulation, the parties have agreed that Sae Lor Chang would be entitled to "the maximum damages allowed to her under Wisconsin's Wrongful Death Statute . . . for loss of society and companionship of her son." At the time of the accident, the statutory maximum was $50,000. A court would next apply the damage cap provision in

sec. 895.04(4) and hold that Sae Lor Chang is entitled to recover the full $50,000.

The proper analysis would produce the same result. Only one party, Sae Lor Chang, is claiming damages in this case. First, her damages should be reduced to the statutory maximum, $50,000, pursuant to sec. 895.04(4), Stats. Second, pursuant to sec. 895.045, Stats., a court should reduce this award based on her negligence. Sae Lor Chang was not negligent. Hence, she is entitled to the full $50,000.

In cases in which a contributorily negligent party brings a claim for loss of society and companionship, the majority's analysis will produce different results from the analysis properly described in *Rineck*. For the purpose of the following example, assume the $50,000 damage cap is in place. If a jury finds that a plaintiff was 50 percent negligent and finds that $100,000 would compensate the plaintiff for her loss of society and companionship, the majority would award the plaintiff $50,000. First, the majority would reduce the $100,000 jury award to $50,000 based on the plaintiff's contributory negligence. Then, the majority would apply the $50,000 damage cap and award the plaintiff the entire $50,000.

Under the analysis clearly intended by the legislature, the plaintiff would recover $25,000. First, a court must reduce the $100,000 to $50,000 pursuant to the damage cap in sec. 895.04(4), Stats. Then, the court must apply the contributory negligence statute and reduce this $50,000 to $25,000 because of the plaintiff's 50 percent negligence. This analysis would produce the appropriate recovery based on these facts, $25,000.

The majority also needlessly addresses a second issue, the allocation of damages among the members of a class of beneficiaries defined in sec. 895.04(4) Stats.

In this case, only one party claimed damages pursuant to sec. 895.04(4). Hence, no allocation is necessary and this second issue is not before the court. The majority's holding as to the first issue disposes of this entire appeal. The majority's analysis regarding this second issue is unnecessary dicta that should be left for another day.

The majority ignores the clear legislative mandate of sec. 895.04(7), Stats. In addition, the majority addresses an issue that is not properly before the court. However, because the majority does come to the proper conclusion, I concur with the opinion of the majority.

I am authorized to state that Mr. Justice JON P. WILCOX joins this concurring opinion.